[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**June 10, 2005**
**THOMAS K. KAHN**
**CLERK**

No. 04-14424
Non-Argument Calendar

_____

D. C. Docket No. 04-20035-CR-PAS


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

                        versus

LEONARDO GRANADOS,

                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 10, 2005)**


Before BLACK, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Leonardo Granados appeals his sentence imposed after he pleaded guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. 46 U.S.C. § 1903. We vacate and remand because the district court sentenced Granados under a mandatory sentencing guidelines scheme, but indicated that it would have sentenced him differently if it had the necessary discretion.

I.     Facts

Granados was indicted, along with four other co-defendants, on two counts: (1) conspiracy to possess with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States, and (2) possession with intent to distribute five kilograms or more of cocaine while aboard a vessel subject to the jurisdiction of the United States. 46 U.S.C. § 1903. Granados agreed to plead guilty to the conspiracy count in exchange for the government's dismissal of the possession count. In the plea agreement, and again at the change-of-plea hearing, Granados accepted responsibility for 150 kilograms or more of cocaine.

The probation officer prepared a Presentence Investigation Report ("PSI"), in which he assigned a base offense level of 38 under U.S.S.G. § 2D1.1(c)(1). With reductions for the safety-valve and for acceptance of responsibility, the adjusted

2

offense level was 33. With a criminal history category of I, the guideline sentence range was 135 to 168 months imprisonment.

Granados objected to the PSI on two grounds. First, he contended that he was eligible for a further reduction based on his minor role in the offense. The district court found that Granados' role was not minor because of the quantity of cocaine found on the boat, approximately 5,220 pounds, and the nature of Granados' services as a boat mechanic. Second, Granados contended that the entire federal sentencing guideline scheme was unconstitutional in light of Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004). The court declined to consider the Blakely issue until either the Eleventh Circuit or the Supreme Court addressed it. The court sentenced Granados to 135 months imprisonment but did state unequivocally that it would have imposed a sentence of 90-100 months if it had the discretion to do so.

II.     Standard of Review

Where the defendant made a timely objection to a sentence based on the constitutionality of the federal sentencing guidelines scheme, we review the claim for harmful error. See United States v. Shelton, 400 F.3d 1325, 1331 n.7 (11th Cir. 2005). In cases of "statutory Booker error," i.e., where the defendant was sentenced under a mandatory guidelines scheme but was not subject to a Sixth Amendment

3

enhancement violation, the error is harmless "if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], or had but very slight effect. If one can say with fair assurance . . . that the [sentence] was not substantially swayed by the error, the [sentence] is due to be affirmed even though there was error." United States v. Mathenia, No. 04-15250, manuscript op. at 5-6 (11th Cir. May 23, 2005) (internal quotation marks and citations omitted); United States v. Hornaday, 392 F.3d 1306, 1315-16 (11th Cir. 2004).

We review a district court's determination of a defendant's entitlement to a role reduction for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 938 (11th Cir. 1999) (en banc).

III.    Analysis

In United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), the Supreme Court held that the Sixth Amendment right to trial by jury is violated where, under a mandatory sentencing guidelines scheme, a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury. Booker, 543 U.S. ___, 125 S. Ct. at 749-56. As a consequence, the Supreme Court excised two parts of the Sentencing Reform Act, thus preserving the guidelines as an advisory system rather than a mandatory one. Booker, 543 U.S. ___, 125 S. Ct. at 764.

We have found that, under Booker, district courts can commit both constitutional and statutory errors. Statutory errors, such as the one at issue in the present case, occur where the district court sentences a defendant under a mandatory guidelines scheme, even in the absence of a Sixth Amendment enhancement violation. Shelton, 400 F.3d at 1330-31. Thus, the defendant preserved his constitutional objection before the district court by challenging the constitutionality of the guidelines at his sentencing hearing. See United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005).

In cases of preserved, statutory Booker error, the government bears the burden of proving that the error did not substantially affect the sentence. Mathenia, manuscript op. at 6. In Mathenia, the district court specifically stated that it would impose the same sentence under an advisory guidelines scheme as under the mandatory guidelines scheme. Mathenia, manuscript op. at 7. As a result, this court found that the government met its burden of proving that the error was harmless. Id. at 8.

In the present case, however, the district judge explicitly stated that she would not impose the same sentence if the guidelines were not mandatory. Thus the government cannot demonstrate that the Booker error in this case was harmless. We therefore vacate the sentence and remand the case for resentencing.

In the interest of judicial economy, we also address the defendant's contention that the district court erred in failing to grant a reduction for his allegedly minor role in the conspiracy. Under the sentencing guidelines, a two-level reduction for playing a minor role in the offense is warranted if the defendant is less culpable than most other participants, but his role could not be described as minimal. U.S.S.G. § 3B1.2, comment. (n.3). Minor role reductions are to be given infrequently. United States v. Costales, 5 F.3d 480, 486 (11th Cir. 1993).

In the present case, Granados falls far short of producing sufficient evidence for us to conclude that the district court erred in refusing to grant the reduction. A defendant must demonstrate that he was a minor participant in the conduct for which he was held accountable in order to be eligible for a minor role reduction. Rodriguez De Varon, 175 F.3d at 944. Here, Granados was held accountable for conspiracy to possess with intent to distribute a large quantity of cocaine, and has not produced any evidence showing that his participation in that conspiracy was minor. The defendant must also demonstrate that other participants in the conspiracy were more culpable than he. Rodriguez De Varon, 175 F.3d at 944. Granados has not demonstrated that other participants were more culpable.

For the foregoing reasons, the sentence of the district court is VACATED and this case is REMANDED for resentencing.