[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2005
THOMAS K. KAHN
CLERK

No. 04-15350
Non-Argument Calendar

_____

D.C. Docket No. 04-60044-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BERTLIS E. MCGRIFF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 8, 2005)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Bertlis E. McGriff appeals his 140-month sentence for possession

with intent to distribute five grams or more of cocaine base within 1000 feet of a

playground, in violation of 21 U.S.C. § 860.  The district court enhanced

McGriff's sentence pursuant to U.S.S.G. § 4B1.1(b) based on his status as a career

offender under U.S.S.G. § 4B1.1(a).[1]  On appeal, McGriff argues that the Supreme

Court's decision in *United States v. Booker*, 543 U.S.___, 125 S. Ct. 738, 160 L.

Ed. 2d 621 (2005),  requires his resentencing because the district court erroneously

sentenced him under the then-mandatory Federal Sentencing Guidelines ("federal

guidelines").

Because McGriff timely raised a *Blakely* objection in the district court, we

review his *Blakely/Booker* claim on appeal *de novo*, but will reverse only for

harmful error.  *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005).  There are

two harmless error standards, one that applies to *Booker* constitutional errors, and

one that applies to *Booker* statutory errors only.  *United States v. Mathenia*, No.

04-15250, slip op. at 2328 (11th Cir. May 23, 2005).  "[C]onstitutional errors are

harmless where the government can show, beyond a reasonable doubt, that the

error did not contribute to the defendant's ultimate sentence." *Id*. (citation

omitted).  In contrast, *Booker* statutory errors are subject to the less demanding

---

[1]The district court found that McGriff qualified as a career offender based on his two prior convictions for delivery of cocaine.  At sentencing, McGriff admitted that delivery of a controlled substance satisfied the career offender requirement of a "controlled substance offense" for U.S.S.G. § 4B1.1 purposes.

non-constitutional error test. *Id*. A "non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], or had but very slight effect. If one can say with fair assurance . . . that the [sentence] was not substantially swayed by the error, the [sentence] is due to be affirmed even though there was error." *Id*. at 2328-29 (internal quotations omitted). The government has the burden of proof under both standards. *See id*. at 2329.

With regard to *Booker* constitutional errors, an individual's Sixth Amendment right to trial by jury is violated where a judge enhances an individual's sentence based solely on judicially found facts pursuant to a mandatory guidelines system. *Paz*, 405 F.3d at 948. In McGriff's case, the district court enhanced his sentence after determining that he was a career offender under the federal guidelines. The district court based this determination on McGriff's prior convictions. We repeatedly have held that a district court does not violate the Sixth Amendment, as interpreted in *Booker*, when it enhances a defendant's sentence based on prior convictions. *See United States v. Gallegos-Aguero*, No. 04-14242, slip op. at 2307-08 (11th Cir. May 18, 2005), *United States v. Orduno-Mireles*, 405 F.3d 960, 962 (11th Cir. 2005). This is so because "a prior conviction must itself have been established through procedures satisfying

3

the fair notice, reasonable doubt, and jury trial guarantees." *Orduno-Mireles*, 405

F.3d at 962 (quotation omitted). Based on this well-established rule, the district

court's enhancement of McGriff's sentence based on his prior convictions did not

violate the Sixth Amendment. Thus, the district court did not commit a *Booker*

constitutional error in enhancing McGriff's sentence.[2]

Although the district court did not commit a *Booker* constitutional error, we

conclude that the district court committed *Booker* statutory error by applying the

Guidelines in a mandatory fashion. A *Booker* "statutory error occurs when the

district court sentences a defendant under a mandatory [g]uidelines scheme, even

in the absence of a Sixth Amendment enhancement violation." *Mathenia*, No. 04-

15250, slip op. at 2328 (quotation omitted). In such cases, the government has the

burden the show that the error did not affect, or had but a very slight effect on, the

sentence. *Id*. at 2329.

In *Mathenia*, we concluded that the government had met this burden by

citing to a statement by the district court that, if the Supreme Court were to hold

the mandatory application of the federal guidelines unconstitutional, the district

---

[2]McGriff also admitted that delivery of a controlled substance satisfied the career offender requirement of a "controlled substance offense." *See Gallegos-Aguero*, slip op. at 2308 (citing *Booker* for the proposition that admitted facts need not be proved to a jury beyond a reasonable doubt).

court nonetheless would sentence the defendant identically. *Id.*; *see also United States v. Petho*, No. 04-15412, slip op. at 2311 (11th Cir. May 18, 2005) (holding *Booker* statutory error harmless in light of district court's statement that its sentence would be the same even if the guidelines were only advisory). In contrast, we readily have remanded cases for resentencing upon a showing that the district court desired to impose a lesser sentence than the one mandated by the federal guidelines. *See United States v. Dacus*, 408 F.3d 686, 688-89 (11th Cir. 2005) (holding that district court committed plain error in applying the federal guidelines in light of district court's express desire to impose a lesser sentence); *United States v. Martinez*, 407 F.3d 1170, 1174 (11th Cir. 2005) (same); *Paz*, 405 F.3d at 949 (holding that the district court committed constitutional error in application of extra-verdict enhancement under federal guidelines in light of district court's desire to impose a lesser sentence); *United States v. Shelton*, 400 F.3d 1325, 1333-34 (11th Cir. 2005) (holding that the district court committed plain error in applying the federal guidelines in light of district court's desire to impose a lesser sentence).

In McGriff's case, the district court provided two alternative sentences in the event the federal guidelines were declared unconstitutional. Both alternative sentences fell below the 140 months McGriff actually received. Indeed, the

district court explicitly told McGriff, "if the Supreme Court throws out the Sentencing Guidelines, then you're going to get a lower sentence . . . ." As the government concedes in its brief, the district court's alternative sentences and above-quoted language demonstrates that the district court sentenced McGriff under a mandatory guidelines scheme. Moreover, it demonstrates that the government cannot meet its burden in showing that this error did not affect, or had a very slight effect on, McGriff's sentence. Because the record does not show "with fair assurance that the sentence was not substantially swayed by the error," we conclude that the government has failed to meet its burden in proving that the *Booker* statutory error was harmless. *See Mathenia*, No. 04-15250, slip op. at 2329. Therefore, we vacate and remand McGriff's sentence for resentencing consistent with *Booker*.

**VACATED AND REMANDED**.