[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-15250
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 23, 2005
THOMAS K. KAHN
CLERK

_____

D.C. Docket No. 04-00029-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PHILIP WAYNE MATHENIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 23, 2005)

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Philip Wayne Mathenia appeals his 96-month sentence for knowingly distributing and receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and knowingly possessing child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). We affirm.

Mathenia pleaded guilty. He admitted in his plea agreement to knowingly possessing and distributing over 25,000 images of child pornography, including those that depicted "the molestation, penetration, and rape of infants." (R.1:18:3). At sentencing, the district court imposed a base offense level of seventeen for "trafficking in material involving the sexual exploitation of a minor." U.S.S.G. § 2G2.2(a). The court then enhanced Mathenia's offense level by fifteen for trafficking in materials involving minors under twelve, id. § 2G2.2(b)(1), for distributing child pornography through peer-to-peer file sharing groups, id. § 2G2.2(b)(2)(E), for distributing images that depict the sadomasochistic abuse of minors, id. § 2G2.2(b)(3), for using a computer to receive the images, id. § 2G2.2(b)(5), and for trafficking in more than 600 images, id. § 2G2.2(b)(6)(D). Finally, the court reduced Mathenia's offense level by three for accepting responsibility for his crimes. Id. § 3E1.1(a), (b). When totaled, Mathenia had an offense level of twenty-nine and a criminal history category of I, resulting in a guidelines range of 87 months to 108 months in prison.

Mathenia filed a written objection, and made an oral objection at his sentencing hearing, that the application of the sentencing guidelines to his case violated the Sixth Amendment as interpreted by Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004). The district court overruled his Blakely objection, noting that this Court had held in United States v. Reese, 382 F.3d 1308 (11th Cir. 2004), vacated by 125 S. Ct. 1089 (2005), that the Supreme Court's decision in Blakely did not apply to the federal sentencing guidelines. The court then sentenced Mathenia to 96 months in prison.

The district court ended the sentencing hearing by stating that it was mindful that the Supreme Court had granted certiorari in United States v. Booker, 375 F.3d 508 (7th Cir. 2004), and United States v. Fanfan, No. 03-47, 2004 WL 1723114 (D. Me. June 28, 2004), and would hear oral argument in those cases a few days after Mathenia's sentencing hearing. Given this development, and in a fit of extrasensory perception, the court explained:

> I should also note that, if the Supreme Court affirms the decision in Booker and holds that, under Blakely, the United States Sentencing Guidelines are unconstitutional, then I would nonetheless consider the guidelines as—for their persuasive value or as advisory, and the sentence I would impose would be the same.

(R.4:19).

3

About four months later, the Supreme Court rendered its decision in Booker and Fanfan. In the resulting opinions, the Supreme Court held "that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005) (citing United States v. Booker, 543 U.S. ___, 125 S. Ct. 738, 749–56 (2005)). We have found, based on this holding, that the district courts could have made both a constitutional and a statutory error in sentencing defendants pre-Booker. "'The constitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is in the mandatory nature of the guidelines once the guidelines range has been determined.'" United States v. Shelton, 400 F.3d 1325, 1331 (11th Cir. 2005) (quoting Rodriguez, 398 F.3d at 1300). The statutory error occurs when the district court sentences a defendant "under a mandatory [g]uidelines scheme, even in the absence of a Sixth Amendment enhancement violation." Id. at 1330–31. This case, like Shelton, concerns Booker statutory error.

Mathenia properly preserved his Booker error claim. See United States v. Dowling, 403 F.3d 1242, 1245 (11th Cir. 2005); United States v. Rodriguez, ___

F.3d ___, 2005 WL 895174, *1 (11th Cir. Apr. 19, 2005) (Carnes, J., concurring in the denial of rehearing en banc). In his written objection to the presentence investigation report, Mathenia wrote: "Defendant, Phillip Wayne Mathenia, moves this Court to find the United States Sentencing Guidelines violate the Sixth Amendment to the United States Constitution on the basis of the decision in Blakely v. Washington." (R.1:24:1). Then, at the sentencing hearing, Mathenia reminded the court of his Blakely objection.

Where there is a timely objection, we review the defendant's Booker claim in order to determine whether the error was harmless. See Shelton, 400 F.3d at 1331 n.7; see also United States v. Paz, ___ F.3d ___, 2005 WL 757876, *2 (11th Cir. Apr. 5, 2005). There are two harmless error standards. One of them applies to Booker constitutional errors, the other to Booker statutory errors. In Paz, a Booker constitutional error case, 2005 WL 757876, at *1, we explained that constitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence, id. at *2. Booker statutory errors, on the other hand, are subject to the less demanding test that is applicable to non-constitutional errors. See United States v. Robles, ___ F.3d ___, 2005 WL 1083487, *___ (11th Cir. May 10, 2005). A "non-constitutional error is harmless if, viewing the proceedings in their

5

entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.' If one can say 'with fair assurance . . . that the [sentence] was not substantially swayed by the error,' the [sentence] is due to be affirmed even though there was error." United States v. Hornaday, 392 F.3d 1306, 1315–16 (11th Cir. 2004) (citations omitted) (quoting Kotteakos v. United States, 328 U.S. 750, 762, 763, 66 S. Ct. 1239, 1246, 1248 (1946)). Because this is a Booker statutory error case we will apply that standard, instead of the "beyond a reasonable doubt" test, in determining whether the government has shown that the error is harmless.

The non-constitutional harmless error standard is not easy for the government to meet. It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review. See, e.g., Paz, 2005 WL 757876, at *2; United States v. Garcia, ___ F.3d ___, 2005 WL 845532, *12 (11th Cir. Apr. 13, 2005), cf. Shelton, 400 F.3d at 1331–32 ("[T]he plain error test is difficult to meet, and in particular, the burden of showing prejudice to meet the third-prong requirement is anything but easy." (quotations omitted)). The reason for that parity of difficulty is that the standard is the same in those two situations; the difference is the party that has the burden. United States v. Olano, 507 U.S. 725, 734, 113 S. Ct. 1770, 1778 (1993).

There are cases where the government was able to demonstrate that the statutory error of applying the guidelines in a mandatory fashion did not have an affect on the sentence the defendant received. See, e.g., United States v. Marcussen, 403 F.3d 982 (8th Cir. 2005); United States v. Thompson, 403 F.3d 533 (8th Cir. 2005). In fact, in Robles, a Booker constitutional error case, this Court affirmed a defendant's sentence under the more stringent "beyond a reasonable doubt" harmless error standard. There, the district court enhanced Robles's sentence because it found by a preponderance of the evidence that he had the equivalent of 52 kilograms of marijuana as relevant conduct. In rejecting Robles's Blakely objection, the district court said that: "[M]y sentence would be the same regardless of whether Blakely had invalidated the guidelines or not, because I would apply them as guidelines and reach the same conclusion that I will here today."

The district court made a materially indistinguishable comment here. In the course of rejecting Mathenia's Blakely objection and sentencing him to 96 months in prison, the district court said that if the Supreme Court in Booker held that the guidelines were unconstitutional as mandatorily applied, "I would nonetheless consider the guidelines as—for their persuasive value or as advisory, and the sentence I would impose would be the same." (R.4:19). We know because the

7

sentencing judge told us that whether the guidelines were mandatory as they were pre-<u>Booker</u>, or advisory as they are post-<u>Booker</u>, Mathenia's sentence would be the same.

Given that the government met the more difficult constitutional harmless error standard in <u>Robles</u>, we have no trouble concluding that the government has met the less stringent statutory harmless error standard in this case where the judge made comments virtually identical to those in <u>Robles</u>. Thus, the government has demonstrated with fair assurance that the district court's error of applying the guidelines in a mandatory fashion did not affect, or had but a slight affect, on Mathenia's ultimate sentence.

**AFFIRMED.**