[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

**FILED**

**U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 10, 2005
THOMAS  K. KAHN
CLERK**

_____

No. 04-14369
Non-Argument Calendar

_____

D. C. Docket No. 04-20229-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YUNIOR CARTY ALMONTE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 10, 2005)**

ON PETITION FOR REHEARING

Before BIRCH, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Yunior Carty Almonte petitions this panel for rehearing regarding his 30-month prison sentence for pleading guilty to importing a detectable amount of cocaine into the United States, in violation of 21 U.S.C. sections 952(a) and 960(b)(3). Almonte argues that, under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), the district court committed both a constitutional error and a statutory error because a jury did not find the quantity of cocaine Almonte possessed and he was sentenced under a mandatory guidelines scheme. Our earlier opinion rejected Almonte's constitutional argument, but did not address his statutory argument. Because the government has conceded on rehearing that it cannot prove that the statutory error was harmless, we grant Almonte's petition for rehearing, vacate our previous opinion, and remand this case to the district court for resentencing.

## I. BACKGROUND

Almonte was arrested in Miami en route from St. Maarten, in the Caribbean, to London, England. United States Customs agents discovered that Almonte had ingested 55 latex pellets filled with cocaine. A grand jury returned a two-count indictment against Almonte that charged him with importing a detectable amount of cocaine and possessing cocaine with intent to distribute, in violation of 21 U.S.C. section 841.

Almonte pleaded guilty to importing a detectable amount of cocaine in return for dismissal of the second count of the indictment. During the plea colloquy, the prosecutor recited the factual basis for the charges against Almonte. The prosecutor stated that, if the case had proceeded to trial, the government would have proved, beyond a reasonable doubt, that Almonte met two men in St. Maarten who paid him $500 to ingest the cocaine, the two men agreed that Almonte would receive $3000 more upon his arrival in London, and the cocaine in Almonte's possession weighed 563.2 grams. The prosecutor concluded his statement by saying that, "Based on th[at] evidence, a jury could have found beyond a reasonable doubt that . . . Almonte, knowingly and intentionally imported ... a detectable amount of cocaine into the United States . . . ." Almonte agreed that the factual statement made by the prosecutor was correct and confirmed that he had no questions regarding that statement. Almonte also expressly waived his right to a trial by jury.

At the sentencing hearing, Almonte objected to the presentence investigation report on the ground that his stipulation regarding the quantity of cocaine at his plea colloquy was not, in fact, a stipulation regarding drug quantity under Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), and section 1B1.2 of the sentencing guidelines. Almonte's attorney did not, however, dispute any part of

3

the plea colloquy and acknowledged that Almonte agreed with the statement of facts presented by the government. The district court overruled the objection and sentenced Almonte to 30 months in prison. The statutory maximum penalty for the crimes to which Almonte pleaded guilty is 20 years, 21 U.S.C. section 960(b)(3), and the sentencing range under the guidelines was between 30 and 37 months.

Almonte appealed, and we affirmed in an unpublished opinion. We determined that Almonte could not prevail on his constitutional argument because he admitted to the drug quantity for which he was charged, but we did not discuss statutory error.

## II. STANDARD OF REVIEW

"Where there is a timely objection, we review the defendant's <u>Booker</u> claim in order to determine whether the error was harmless." <u>United States v. Mathenia</u>, No. 04-15250, ___ F.3d ___, 2005 WL 1201455, at *2 (11th Cir. May 23, 2005). As this Court discussed in <u>Mathenia</u>, "[t]here are two harmless error standards. One of them applies to <u>Booker</u> constitutional errors, the other to <u>Booker</u> statutory errors." <u>Id</u>. The first standard, for constitutional error, requires the government to show "beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." <u>Id</u>. The second standard, for statutory error, requires us to determine whether the error either did not affect the sentence or only

4

had a very slight effect.  Id. (quoting United States v. Hornaday, 392 F.3d 1306, 1315-16 (11th Cir. 2004)).  The standard of review for statutory error "is not easy for the government to meet.  It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review."  Id.

### III.  DISCUSSION

Almonte argues that the district court erroneously calculated his sentence based on the statement of facts by the prosecutor regarding Almonte's possession of more than 500 grams of cocaine.  Almonte contends that a sentence based on possession of more than 500 grams of cocaine would result in the application of a mandatory minimum sentence of five years in prison and, under section 1B1.2 of the sentencing guidelines, Almonte argues that he could not stipulate verbally to such an uncharged crime.  Almonte contends that his base offense level and relevant adjustments would have resulted in a sentence of between 8 and 12 months in prison but for the fact that the district court sentenced Almonte under a mandatory guidelines system.  Almonte urges reversal of his sentence because the 30 months in prison to which he was sentenced exceed that range.

Almonte's constitutional error argument fails.  Before the Supreme Court decided Booker, we stated that "a stipulation to a specific drug quantity–whether as

5

part of a written plea agreement, part of a jury trial, or at sentencing–serve[s] as the equivalent of a jury finding on that issue, since the stipulation takes the issue away from the jury." United States v. Sanchez, 269 F.3d 1250, 1271 (11th Cir. 2001). Booker did not change that rule. After Booker, we held that a sentence imposed based on facts that a defendant admitted during his guilty plea was not a constitutional error. United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005). Like Shelton, Almonte admitted to the facts recited by the prosecutor, one of which was that Almonte possessed 563.2 grams of cocaine. The district court, therefore, did not commit a constitutional error when it based Almonte's sentence on his admission of that fact.

Almonte's statutory error argument, however, succeeds. While this case was pending on appeal, the Supreme Court determined "that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005). Almonte was sentenced pre-Booker under the mandatory sentencing system, and the government concedes that it cannot sustain its burden of proving that the effect of the statutory error on Almonte's sentence was harmless. We must, therefore, remand for resentencing.

6

## IV. CONCLUSION

Almonte's constitutional error argument fails because he admitted to the drug quantity found by the district court. We must, however, remand this case to the district court because the government cannot prove that the <u>Booker</u> statutory error was harmless. Almonte's petition for rehearing is **GRANTED**, we **VACATE** both our previous opinion in this case and Almonte's sentence, and **REMAND** this case to the district court for resentencing.