[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10029
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2005
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-20427-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS F. BARRETO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2005)

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Carlos F. Barreto appeals his 27-month sentence for wire fraud and argues

that we should remand his case for resentencing because he was sentenced by the district court under a mandatory Sentencing Guidelines regime. Barreto preserved this argument, under Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), and United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005), in the district court. The government has conceded on appeal that it cannot prove that the error of sentencing Barreto under a mandatory regime was harmless, and we, therefore, vacate Barreto's sentence and remand for resentencing.

Barreto was indicted in the Southern District of Florida for one count of wire fraud. Barreto pleaded guilty to that charge, and the district court sentenced him to 27 months in prison, followed by three years of supervised release. That sentence was at the low end of the suggested 27-33 month Guideline range. Barreto was also ordered to repay the fraudulently obtained money and prejudgment interest, for a total of $1,929,210 in restitution. Barreto does not challenge on appeal the restitution imposed by the district court.

Barreto, under Blakely, objected to the presentence investigation report. The district court overruled Barreto's objections and sentenced him under the mandatory Sentencing Guidelines that were used by district courts before Booker. Barreto contends that the district court erred, under Booker, when it did not treat the Sentencing Guidelines as advisory during his sentencing.

"Where there is a timely objection, we review the defendant's Booker claim in order to determine whether the error was harmless." United States v. Mathenia, No. 04-15250, ___ F.3d ___, 2005 WL 1201455, at *2 (11th Cir. May 23, 2005). As this Court discussed in Mathenia, "[t]here are two harmless error standards. One of them applies to Booker constitutional errors, the other to Booker statutory errors." Id. The second standard, for statutory error, applies here, and that standard requires us to determine whether the error either did not affect the sentence or only had a slight effect. Id. (quoting United States v. Hornaday, 392 F.3d 1306, 1315-16 (11th Cir. 2004)). The standard of review for statutory error "is not easy for the government to meet. It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review." Id.

The government concedes that it cannot sustain its burden of proving that the effect of the statutory error on Barreto's sentence was harmless. We must, therefore, remand for resentencing.

Barreto's sentence is **VACATED**, and we **REMAND** this case to the district court for resentencing.

3