[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 6, 2005
THOMAS K. KAHN
CLERK

No. 04-15580
Non-Argument Calendar

_____

D.C. Docket No. 04-00020-CR-FTM-29-DNF

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NOEL SIMMION PENN,
a.k.a. Oscar Miller,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 6, 2005)

Before TJOFLAT, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Noel Simmion Penn appeals his 70-month sentence for illegal re-entry into

the United States by an aggravated felon, in violation of 8 U.S.C. § 1326(a),

(b)(2). Penn's indictment stemmed from an undercover operation by the Charlotte County Sheriff's Office ("CCSO"), whereby an undercover deputy purchased cocaine base from Penn's residence. During the buy, the deputy recognized Penn as an illegal alien who had previously been deported. The deputy informed the Bureau of Immigration and Customs Enforcement ("ICE") that Penn had re-entered the United States. After ICE agents confirmed that Penn was a deported alien who had illegally re-entered the United States, CCSO officers arrested Penn and turned him over to the ICE agents. Penn subsequently pled guilty to illegal re-entry by an aggravated felon, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, he maintains that the district court erred, pursuant to United States v. Booker, 543 U.S. __, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), in sentencing him under a mandatory guidelines system.

In Blakely v. Washington, the Supreme Court held that, under the state of Washington's mandatory sentencing guidelines system, the imposition of a sentencing enhancement based upon facts neither admitted by the defendant nor found by the jury violated the defendant's Sixth Amendment right to a jury trial. Blakely, 542 U.S. __, 124 S. Ct. 2531, 2534-38, 159 L.Ed.2d 403 (2004). In Booker, the Supreme Court extended this holding to the federal Sentencing Guidelines. Booker, 543 U.S. at ___, 125 S.Ct. at 760. Based on the Supreme

2

Court's holding, we have stated that there could be two <u>Booker</u> errors: (1) a Sixth Amendment error – the error of imposing a sentencing enhancement based on judicial findings that go beyond the facts admitted by the defendant or found by the jury, and (2) a statutory error – the error of being sentenced under a mandatory guidelines system. <u>United States v. Shelton</u>, 400 F.3d 1325, 1330-31 (11th Cir. 2005).

When, as here, a defendant raises, in the district court, an objection to the mandatory nature of the guidelines, we review for harmless error. <u>United States v. Mathenia</u>, No. 04-15250, slip op. at 2328 (11th Cir. May 23, 2005). A statutory <u>Booker</u> error is harmless if, "viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.' If one can say 'with fair assurance . . . that the [sentence] was not substantially swayed by the error,' the [sentence] is due to be affirmed even though there was error." <u>Id.</u> at 2328-2329 (citations omitted).

In the case at bar, there was a statutory, <u>Booker</u> error, which the government concedes, because the district court sentenced Penn under a mandatory guidelines system. <u>See id.</u> at 1330-31. Moreover, the government has not proven, and concedes that it may not be able to prove, that the district court's error did not affect, or had but a slight affect, on Penn's sentence. When it sentenced Penn, the

3

district court did not state that it would sentence Penn exactly the same if <u>Blakely</u> applied to the federal Sentencing Guidelines. <u>See</u> <u>Mathenia</u>, slip op. at 2329-2330 (affirming a defendant's sentence despite a <u>Booker</u> statutory violation because the district court stated that it would impose the same sentence if the guidelines were advisory). Accordingly, the error by the district court in sentencing Penn under a mandatory guidelines system was not harmless and we vacate and remand for re-sentencing.

**VACATE AND REMAND.**