[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 20, 2005
THOMAS K. KAHN
CLERK

No. 04-16627
Non-Argument Calendar

_____

D.C. Docket No. 04-00044-CR-4-RH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCEL JOSEPH,
a.k.a. Mike Mac Thompson,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Northern District of Florida

_____

**(July 20, 2005)**

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Marcel Joseph appeals his sentence stemming from his plea of guilty to unlawfully reentering the United States, in violation of 8 U.S.C. §§ 1326(a), (b)(2). First, he asserts that the district court erred by sentencing him under a mandatory guideline scheme.

Because Joseph's sentencing occurred prior to United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), Joseph did not make an objection before the district court concerning the mandatory nature of the federal sentencing guidelines. Nevertheless, a review of the record reveals that Joseph's objection before the district court invoked Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Additionally, the district court's description of Joseph's objection during the sentencing hearing established that the court understood Joseph's objections to be "based on the Blakely line of cases."

In Booker, the Supreme Court held "that the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005), cert. denied, 2005 WL 483174, 73 USLW 3531 (U.S. Jun 20, 2005) (emphasis in original). The Court reaffirmed

2

its holding in <u>Apprendi</u> that "any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 125 S.Ct. at 756.

This Court has determined that there are two types of <u>Booker</u> error that may have been committed by district courts: constitutional error and statutory error. <u>United States v. Mathenia</u>, __ F.3d __, 2005 WL 1201455 at *2 (11th Cir. May 23, 2005). "The constitutional error is the use of extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge; the error is in the mandatory nature of the guidelines once the guidelines range has been determined." <u>Id.</u> (internal quotations omitted). "The statutory error occurs when the district court sentences a defendant under a mandatory guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." <u>Id.</u> (internal quotations omitted).

This Court reviews preserved errors for harmlessness. <u>Id.</u> There are two harmless error standards, one of which applies to <u>Booker</u> constitutional error, and the other to <u>Booker</u> statutory error. <u>Id.</u> "[C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." <u>Id.</u> <u>Booker</u> statutory errors,

however, are subject to a less demanding test. Id. "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect." Id. (internal quotations omitted). "If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." Id. (internal quotations and ellipses omitted). "The non-constitutional harmless error standard is not easy for the government to meet. It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review." Id.

The district court erred when it sentenced Joseph under a mandatory guideline scheme. The government has not met its burden of demonstrating that the error did not affect Joseph's sentence, and therefore, it was not harmless.

Next, Joseph asserts that the district court did not have the authority to increase the statutory maximum sentence applicable to his offense as a result of a prior conviction because the indictment did not allege that he had been convicted of an aggravated felony. He concedes that the Supreme Court rejected this same argument in Almendarez-Torres v. United States, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). He also notes that the Supreme Court excluded the fact of prior convictions from those facts that must be proven to a jury or admitted by a

defendant to increase a sentence beyond the statutory maximum. He asserts that the continued validity of Almendarez-Torres is questionable.

Section 1326 prohibits aliens from reentering the United States after their removal without prior authorization. 8 U.S.C. § 1326(a). The statutory maximum sentence for the offense is generally two years; however, when the alien's removal was subsequent to a conviction for an aggravated felony offense, the statutory maximum is increased to 20 years' imprisonment. § 1326(a), (b)(2).

In Almendarez-Torres, "the Supreme Court held that the government need not allege in its indictment and need not prove beyond a reasonable doubt that a defendant had prior convictions for a district court to use those convictions for purposes of enhancing a sentence." United States v. Marseille, 377 F.3d 1249, 1257 (11th Cir.), cert. denied, 125 S.Ct. 637 (2004). This decision "was left undisturbed by Apprendi, Blakely, and Booker." United States v. Shelton, 400 F.3d 1325, 1329 (11th Cir. 2005).

The district court did not err in determining the statutory maximum sentence applicable to Joseph's offense because, as established by Almendarez-Torres, the government was not required to allege prior convictions in the indictment. Although Joseph questions the continued validity of Almanderez-Torres, the Apprendi line of cases did not affect the Almanderez-Torres holding, and we

cannot overrule a Supreme Court decision.  See Shelton, 400 F.3d at 1329; see also United States v. Guadamuz-Solis, 232 F.3d 1363 (11th Cir. 2000).

Upon review of the record and the parties' briefs, we find reversible error. Because the district court erred by sentencing Joseph under a mandatory guideline scheme, we vacate his sentence and remand for re-sentencing.

**VACATE AND REMAND.**