[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16685
Non-Argument Calendar

_____

D. C. Docket No. 04-20457-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NATHANIEL JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 15, 2005)

Before CARNES, MARCUS,  and PRYOR, Circuit Judges.

PER CURIAM:

Nathaniel Jones appeals his sentences for possession of heroin with intent to

distribute and conspiracy to possess heroin with intent to distribute.  See 21 U.S.C.

§§ 841(a)(1) and 846. Although the district court did not err when it enhanced his sentence based on his previous convictions and facts admitted during the plea colloquy, the court erred under United States v. Booker, 543 U.S. __, 125 S. Ct. 738 (2005), when it sentenced Jones under a mandatory guidelines scheme. Because, as the government concedes, the statutory error was not harmless, we vacate and remand for resentencing.

## I. BACKGROUND

Jones and a co-conspirator, Alfred Smith, were indicted for conspiracy to possess a controlled substance with intent to distribute it and possession of a controlled substance with intent to distribute it. Jones pleaded guilty to both crimes without the benefit of a plea agreement. At the plea change hearing, the government stated that Jones and Smith agreed to sell 255 bags of heroin to a confidential informant, but before the deal occurred, Smith noticed a car being used by DEA agents for surveillance, and reentered his car. The agents then apprehended Jones and Smith and found 255 bags of heroin in Jones's car. The bags contained 9 grams of heroin. In response to a question from the district court, Jones stated that the proffer by the government was correct.

The Presentence Investigation Report originally set Jones's base offense level at 14, but because of two previous state convictions for drug trafficking,

Jones was a career offender under section 4B1.1 of the Sentencing Guidelines. His base offense level, therefore, was 32. The PSI recommended a downward adjustment of 3 levels for acceptance of responsibility. Although Jones had only 6 criminal history points, because he was a career offender, he automatically had a criminal history category of VI. The guideline range was 151 to 181 months.

Jones objected to the PSI on the grounds that Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2537 (2004), precluded the court from enhancing his sentence based on facts not charged in the indictment. He also objected to application of the career offender enhancement. At the sentencing hearing, the district court overruled all of Jones's objections and sentenced him to two concurrent terms of 151 months of imprisonment and 3 years of supervised release. Jones appealed.

## II. DISCUSSION

Jones makes three arguments on appeal. He first contends that the Sentencing Guidelines violate the Separation of Powers doctrine. Jones next argues that his sentence violates the Eighth Amendment. His final argument is that the district court erred under Booker when it enhanced his sentence under a mandatory guidelines scheme based on facts that were not proved to a jury beyond a reasonable doubt. We address each argument in turn.

## A. Separation of Powers

We review Jones's argument that the Sentencing Guidelines violate the Separation of Powers doctrine de novo.  See Thompson v. Nagle, 118 F.3d 1442, 1447 (11th Cir. 1997).  Although Jones does not explain his argument, he states in his brief that he is relying on a district court opinion from Oregon, United States v. Detwiler, 338 F. Supp.2d 1166 (D. Or. 2004).  In Detwiler, a district court in Oregon found that the Feeney Amendment, contained in Section 401 of the Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act, amended the Sentencing Guidelines in a way that violates the Separation of Powers doctrine because it united the power to prosecute and the power to sentence within the executive branch.  Id. at 1174-79.  Mistretta v. United States, 488 U .S. 361, 109 S. Ct. 647 (1989), directly contradicts that position, and, in Booker, the Supreme Court explicitly reaffirmed its analysis in Mistretta and rejected a separation of powers argument against the application of the Sentencing Guidelines.  See 543 U.S. at __, 125 S. Ct. at 755.  The Sentencing Guidelines do not violate the Separation of Powers doctrine.

## B. Eighth Amendment

We also review Jones's argument that his sentence violates the Eighth Amendment de novo.  See Thompson, 118 F.3d at 1447.  Much like his separation

4

of powers argument, Jones does not explain how his sentence violates the Eighth Amendment, but states that he is relying on an amicus brief filed in United States v. Angelos, 345 F. Supp.2d 1227 (D. Utah 2004). Jones did not make the amicus brief part of the record on appeal, but Angelos mentions its arguments. Id. at 1256. Although it is close as to whether Jones properly preserved this argument on appeal, we will address it.

In Angelos, the defendant, a first-time offender who was convicted of three counts of possession of a firearm in connection with dealing marijuana, received a sentence of 55 years. Id. at 1257. The defendant and amici apparently argued "that the sentence [wa]s unconstitutional as disproportionate to the offenses at hand." Id. at 1256. Although the district court believed that the sentence violated the Eighth Amendment, it followed the precedent of the Supreme Court in Hutto v. Davis, 454 U.S. 370, 102 S. Ct. 703 (1982), where the defendant was sentenced to 40 years in prison for possessing nine ounces of marijuana, which was worth $200 in 1980. Id. at 1259.

Angelos does not help Jones. Unlike Angelos, Jones is a career offender. Other than the instant conviction, he has two state convictions for drug trafficking. The first conviction was in 1994 for possession of cannabis with intent to distribute, and the second was in 2000 for possession of cocaine with the intent to

5

distribute. He also had numerous other criminal convictions, although most were relatively minor. In addition, Jones's sentence was 151 months, significantly less than the 55 year sentence imposed in Angelos. The sentence imposed was not a violation of the Eighth Amendment.

## C. Booker *Error*

Jones's remaining argument has some merit. Jones argues that the district court erred under Booker when it enhanced his sentence under a mandatory guidelines scheme based on facts that were not proved to a jury beyond a reasonable doubt. There are two kinds of sentencing errors based on Booker. The first is constitutional error: "the Sixth Amendment right to trial by jury is violated where under a mandatory guidelines system a sentence is increased because of an enhancement based on facts found by the judge that were neither admitted by the defendant nor found by the jury." United States v. Rodriguez, 398 F.3d 1291, 1297 (11th Cir. 2005) (citations omitted). The second is statutory error: "[a]s a result of Booker's remedial holding, Booker error exists when the district court misapplies the Guidelines by considering them as binding as opposed to advisory." Shelton, 400 F.3d at 1330-31.

Because Jones raised both constitutional and statutory error in the district court, we review for harmless error. United States v. Mathenia, 409 F.3d 1289,

6

1291 (11th Cir. 2005). Each type of Booker error requires a different standard of review to determine whether the error was harmless. Booker constitutional error is harmless when the government can show, beyond a reasonable doubt, that error did not contribute to the ultimate sentence. Id. at 1292. Booker statutory error is subject to a less demanding test. Id. A statutory error is harmless if, viewing the proceedings in their entirety, the error did not affect the sentence or had only a "very slight effect." Id. If the sentence was not "substantially swayed" by the error, then the sentence is due to be affirmed in spite of the error. Id.

The district court did not commit constitutional error under Booker when it applied the career offender enhancement based on Jones's previous convictions. In Almendarez-Torres v. United States, 523 U.S. 224 118 S. Ct. 1219 (1997), the Supreme Court concluded that recidivism is not a separate element of an offense that the government is required to prove beyond a reasonable doubt. 523 U.S. at 247, 118 S. Ct. at 1232-33. Booker specifically excepted previous convictions from its holding. See Booker, 543 U.S. at __, 125 S. Ct. at 756. Almendarez-Torres remains binding precedent until the Supreme Court decides otherwise. See Orduno-Mireles, 405 F.3d at 962-63 (11th Cir. 2005); Shelton, 400 F.3d at 1329.

Additionally, the district court did not commit constitutional error when it enhanced his sentence based on facts admitted during the plea colloquy. In

7

Shelton, we concluded that a sentence imposed based on facts that a defendant admitted is not constitutional error. Id. at 1330. Not only did Jones not object to the factual statement of the government, he stated that it was "correct." The proffer by the government included the allegation that Jones possessed with the intent to distribute 255 bags of heroin, a total of 9 grams. The district court did not commit constitutional error when it sentenced Jones based on that fact.

Although there was no constitutional error, the district court erred when it sentenced Jones under a mandatory guidelines system. See Shelton, 400 F.3d at 1330-31. The government concedes that it cannot prove that the error did not affect Jones's sentence. There is nothing in the record to suggest that had the district court known the guidelines were advisory, the district court would have imposed the same sentence. The statutory error, therefore, was not harmless.

### III.  CONCLUSION

The district court erred when it sentenced Jones under a mandatory guidelines scheme. Because the statutory error was not harmless, we vacate and remand for resentencing.

**VACATED AND REMANDED.**