[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
August 26, 2005
THOMAS K. KAHN
CLERK

No. 05-10128
Non-Argument Calendar

_____

D. C. Docket No. 04-00391-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FAHEEM ABDUL SABOOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 26, 2005)**

Before TJOFLAT, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Appellant pled guilty to one count of armed bank robbery, in violation of 18

U.S.C. § 2113(a), and the district court sentenced him to prison for a term of 151 months. He now appeals his sentence, contending that according to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), the Sixth Amendment precluded the district court from treating him as a career offender under U.S.S.G. § 4B1.1 and thereby imposing the sentence he received. The court overruled his objection on the ground that Blakely did not apply to the federal guidelines sentencing system. In United States v. Booker, 543 U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), however, the Supreme Court made Blakely's rationale applicable to the federal system; hence, we therefore consider appellant's objection under Booker.

We need not decide whether the district court committed Sixth Amendment error—by basing appellant's sentence on facts appellant did not admit—because the court erred in sentencing appellant under a mandatory guidelines scheme. The question thus becomes whether the error was harmless.

Sentencing a defendant under a mandatory guidelines scheme, such as the pre-Booker federal scheme, is harmless error "if, viewing the proceedings in their entirety . . . the error did not affect the sentence, or had but very slight effect. If one can say with fair assurance that the sentence was not substantially swayed by the error, the sentence is due to be affirmed even though there was error." United

States v. Mathenia, No. 04-15250, slip op. 2326, 2328 (11th Cir. May 23, 2005) (internal quotations and citation omitted).

It is the Government's burden to satisfy us that the error in this case was harmless. The Government has not shown (on the record before the district court) that under the Mathenia test, the district court's error—treating the Guidelines as mandatory rather than advisory—"did not affect the sentence, or had but very slight effect." In short, the Government has not carried its burden of proof to demonstrate harmless error. As a consequence, we must vacate appellant's sentence and remand the case for resentencing.

VACATED and REMANDED.