[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-16604
Non-Argument Calendar

_____

D. C. Docket No. 04-80002-CR-KLR

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES ALBERT JACKSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 30, 2005)

Before TJOFLAT, DUBINA and PRYOR, Circuit Judges.

PER CURIAM:

James Albert Jackson appeals his 100-month sentence of imprisonment for

conspiracy to possess with intent to distribute cocaine and attempted cocaine possession. Jackson raises two grounds for his appeal: first, he argues that the district court erroneously denied him a reduction in his sentence for playing a minor role in the crime; and second, Jackson argues that his sentencing was illegal, under United States v. Booker, 543 U.S. ___, 125 S. Ct. 738 (2005). Although Jackson's first argument fails, because the district court did not clearly err when it denied him the sentence adjustment based on his role in the offense, Jackson succeeds on his second argument. The district court committed statutory error, under Booker, and the government has conceded that the error in Jackson's sentencing was harmful. We, therefore, vacate Jackson's sentence and remand for resentencing under an advisory Guidelines scheme.

A jury convicted Jackson of conspiracy to posses at least five kilograms of cocaine with intent to distribute and attempted possession of at least five kilograms of cocaine. Jackson objected to the PSI prepared in the district court on the following three grounds: Jackson contended that he was entitled to adjustments based on his role in the offense and his acceptance of responsibility, and Jackson argued that, under Blakely v. Washington, 542 U.S. ___, 124 S. Ct. 2531 (2004), he was entitled to a different base offense level because the jury did not find the quantity of drugs for which he was responsible beyond a reasonable doubt.

2

At Jackson's sentencing hearing, the district court granted an adjustment under the "safety valve" provision of section 5C1.2 of the Guidelines. The district court also granted an adjustment, under section 5K1.1, because the government agreed that Jackson had substantially assisted the government in prosecuting unrelated criminal activity. The district court did not accept Jackson's argument regarding his acceptance of responsibility, and the district court rejected Jackson's contention that he played only a minor role in the offense.

Regarding Jackson's Blakely argument, the district court stated that it was bound to apply the Guidelines as mandatory. The judge stated that the people who had come to support Jackson and written letters on his behalf should be aware that the court could not "just sentence to any area that I feel like, and I can't." The judge stated that he was "restricted by law to certain sentences. So . . ., I hope counsel has advised you that I don't have unlimited discretion to sentence in any particular area." The judge also stated, "Based on [Jackson's] lack of criminal history, a sentence will be imposed at the low end of the [G]uideline range." The district court then set Jackson's applicable Guideline range for his sentence at 151 to 188 months. The district court reduced Jackson' sentence by one-third, to 100 months, because of his assistance to the government. The district court also stated that, "[i]n the event that the Supreme Court" decided in Booker that the district

3

court could not "consider the amount of drugs," then Jackson's alternative sentence would be 80 months in prison.

Jackson argues on appeal that the district court erred when it denied Jackson an adjustment based on his role in the offense, which Jackson contends was minor. We review that decision for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999). "[T]he district court's ultimate determination of the defendant's role in the offense should be informed by two principles discerned from the Guidelines: first, the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing, and, second, [his] role as compared to that of other participants in [his] relevant conduct." Id. at 940. "[A] defendant is not automatically entitled to a minor role adjustment merely because [he] was somewhat less culpable than the other discernable participants." Id. at 944. "So long as the basis of the trial court's decision is supported by the record and does not involve a misapplication of a rule of law, we believe that it will be rare for an appellate court to conclude that the sentencing court's determination is clearly erroneous." Id. at 945.

Jackson's argument fails as to both of the De Varon factors. Regarding the first factor, Jackson was held accountable at sentencing for his involvement in at least two drug transactions for a total of at least 120 kilograms of cocaine and fifty

pounds of marijuana. Jackson provided essential security services and transportation that facilitated these drug transactions. Without Jackson's assistance, the drug buys could potentially have failed.

Regarding the second factor, Jackson helped count money related to a drug deal, Jackson provided security for drug deals, and Jackson knowingly participated in every deal in which he was involved. Jackson and another defendant were to split the proceeds of the drug transactions evenly. We cannot say that the district court clearly erred when it determined that Jackson's role in the offense was not minor.

We next turn to Jackson's Booker argument, which he preserved in the district court. "Where there is a timely objection, we review the defendant's Booker claim in order to determine whether the error was harmless." United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). Jackson makes both a constitutional and a statutory argument regarding Booker error.

"[C]onstitutional error is the use of extra-verdict enhancements to reach a [G]uidelines result that is binding on the sentencing judge; the error is in the mandatory nature of the [G]uidelines once the [G]uidelines range has been determined." United States v. Rodriguez, 398 F.3d 1291, 1300 (11th Cir.2005)). In Booker, the Supreme Court reaffirmed its holding in Apprendi v. New Jersey,

5

530 U.S. 466, 120 S. Ct. 2348 (2000): "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. The standard for constitutional error requires the government to show "beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." Mathenia, 409 F.3d at 1291-92. Because Jackson stipulated to a drug quantity that made him eligible for the sentence he received, there was no Booker constitutional error. United States v. Sanchez, 269 F.3d 1250, 1271 n.40 (11th Cir. 2001) (en banc).

Statutory error occurs when a district court sentences a defendant "under a mandatory Guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." United States v. Shelton, 400 F.3d 1325, 1330-31 (11th Cir. 2005). The standard for statutory error requires us to determine whether the error either did not affect the sentence or only had a very slight effect. Mathenia, 409 F.3d at 1292. The standard of review for statutory error "is not easy for the government to meet. It is as difficult for the government to meet that standard as it is for a defendant to meet the third-prong prejudice standard for plain error review." Id.

6

The government concedes that it cannot meet its burden in this appeal. The statements of the district court evidence that it might have imposed a more lenient sentence had it considered the Guidelines advisory. Although the district court made its alternative sentence contingent on a holding of the Supreme Court that the district court could not consider drug quantity, the district court announced an alternative sentence that was twenty months shorter than the one it imposed on Jackson. We, therefore, vacate Jackson's sentence and remand this appeal so that the district court may resentence Jackson under an advisory Guidelines regime.

The district court is, therefore, **AFFIRMED** in part, but Jackson's sentence is **VACATED** and **REMANDED**.