[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
February 27, 2006
THOMAS K. KAHN
CLERK

No. 02-15861
Non-Argument Calendar
_____

D.C. Docket No. 01-00294-CR-T-17

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALAVARO BOLANOS-MUNOZ, et al.,

Defendants-Appellants.

_____

Appeals from the United States District Court for the
Middle District of Florida

_____

**(February 27, 2006)**

**ON REMAND FROM THE
SUPREME COURT OF THE UNITED STATES**

Before EDMONDSON, Chief Judge, DUBINA and COX, Circuit Judges.

PER CURIAM:

This case is before the court for consideration in light of *United States v. Booker*, __ U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). A jury found the defendants guilty of (1) possession with intent to distribute cocaine while aboard a vessel subject to U.S. jurisdiction, in violation of the Maritime Drug Law Enforcement Act, 46 U.S.C. App. § 1903(a) and 21 U.S.C. § 841(b)(1)(A)(ii); and (2) conspiracy to possess with intent to distribute cocaine while aboard a vessel subject to U.S. jurisdiction, in violation of 46 U.S.C. App. § 1903(a), (j), and 21 U.S.C. § 841(b)(1)(A)(ii). We previously affirmed the defendants' convictions and sentences. *See United States v. Bolanos-Munoz,* 103 Fed. App'x. 665 (11th Cir. 2004) (Table Decision). The Supreme Court vacated our prior decision and remanded the case to us for further consideration in light of *Booker*. *Bolanos-Munoz v. United States*, 125 S. Ct. 1016, 160 L. Ed. 2d 1038 (2005). For the reasons that follow, we once again affirm the defendants' convictions and sentences.

Under the Supreme Court's decision in *Booker*, "the district courts could have made both a constitutional and a statutory error in sentencing defendants . . . ." *United States v. Mathenia*, 409 F.3d 1289, 1291 (2005). "The constitutional error is the use of the extra-verdict enhancements to reach a guidelines result that is binding on the sentencing judge: the error is in the mandatory nature of the

2

guidelines once the guidelines range has been determined." *Id*. (quotations and citations omitted). The statutory error happens "when the district court misapplies the [g]uidelines as binding as opposed to advisory." *United States v. Shelton*, 400 F.3d 1325, 1331 (11th Cir. 2005).

In the instant case, the defendants raised, among other things, a *Booker*-type issue in their Initial Brief on appeal. However, the defendants did not present this issue in the district court. As such, we review their sentencing challenges for plain error. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005), *cert. denied*, 125 S. Ct. 2935 (2005); *United States v. Sanchez*, 269 F.3d 1250, 1280 (11th Cir. 2001). At sentencing, the district court increased Alvaro's offense level based upon his role as the captain of the subject vessel, imposing his sentence under the belief the guidelines were mandatory. Therefore, Alvaro's appeal involves both *Booker* constitutional and statutory error. *See Shelton*, 400 F.3d at 1330-31. As to Rodrigo, the district court imposed his mandatory guidelines sentence without using any extra-verdict enhancements. Thus, Rodrigo's appeal only involves *Booker* statutory error. *See id*.

Although both defendants meet the first two prongs of the plain error test, neither of them can satisfy the third prong concerning "the burden of demonstrating that the error has affected his substantial rights." *United States v.*

*Fields*, 408 F.3d 1356, 1360 (11th Cir. 2005). To make this determination, "we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge in this case." *Rodriguez*, 398 F.3d at 1301. And, based on our review of the record, there is no indication that the district court would have imposed lesser sentences had it known that the guidelines were advisory. The defendants' contention that the district court would have imposed lesser sentences because it believed both defendants should be sentenced at the bottom or lowest end of the guideline range is without merit. As we found in *Fields*, such a view or belief by the district court "does not establish a reasonable probability that the court would have imposed a lesser sentence under an advisory regime." 408 F.3d at 1360-61 (agreeing "with the First, Fourth, Fifth and Eighth Circuits that the fact that the district court sentenced [a] defendant to the bottom of the applicable guidelines range establishes only that the court felt that sentence was appropriate under the mandatory guidelines system"). Accordingly, we affirm the defendants' sentences for the reasons outlined herein, and reinstate our prior opinion affirming the defendants' convictions and sentences.

**OPINION REINSTATED; CONVICTIONS AND SENTENCES AFFIRMED.**

4