[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 29, 2006
THOMAS K. KAHN
CLERK

No. 04-16704
Non-Argument Calendar

_____

D. C. Docket No. 04-00261-CR-T-27MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ADOLFO ANTONIO ARTEAGA-GOMEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(March 29, 2006)**

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Adolfo Antonio Arteaga-Gomez appeals his 108-month sentence

for conspiracy and possession with intent to distribute five or more kilograms of cocaine onboard a vessel subject to United States jurisdiction, in violation of 46 App. U.S.C. § 1903(a), (g), and (j), and 21 U.S.C. § 960(b)(1)(B)(ii). On appeal, Arteaga-Gomez argues that the district court erred, under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), when it applied the Sentencing Guidelines as mandatory. Arteaga-Gomez further argues that, because the district court's error affected his sentence, the error was not harmless. Arteaga-Gomez explains that the district court was precluded from considering other relevant factors that tended to show that the final sentence was "far more than necessary to accomplish the statutory purposes of sentencing," specifically that he: (1) is 33 years old and has never before been convicted of a crime; (2) grew up in a very poor home in Colombia; (3) "is married and, prior to his arrest, supported two children, ages 9 and 12," who now must be supported by his wife; and (4) did not complete high school and has no assets. Arteaga-Gomez argues that, as a result of his disadvantaged background, he is less culpable.

Because Arteaga-Gomez did not raise a *Booker* claim in the district court, we review his claim for plain error only. *See United States v. Dowling*, 403 F.3d 1242, 1246-47 (11th Cir.), *cert. denied*, 126 S. Ct. 462 (2005). Under a plain error analysis, a defendant must show: (1) an error, (2) that is plain, and (3) affects

2

substantial rights. *Id.* at 1247. If the defendant is able to make a showing of all three, we may then exercise our discretion to notice the error if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* We have held that, in the context of *Booker* errors, the plain error test is satisfied only when the defendant can show that "there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of a binding fashion." *United States v. Rodriguez*, 398 F.3d 1291, 1301 (11th Cir.), *cert. denied,* 125 S. Ct. 2935 (2005).

In *Booker*, the Supreme Court held that the mandatory nature of the Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. *Booker*, 543 U.S. at 231-35, 125 S. Ct. at 749-51. The Court concluded that the guidelines remain in force as written, and, although mandatory application no longer governs, district court judges still "must consult those Guidelines and take them into account when sentencing." *Id.* at 264, 125 S. Ct. at 767. We have held that a statutory *Booker* error has been committed "when the district court sentences a defendant under a mandatory guidelines scheme, even in the absence of a Sixth Amendment enhancement violation." *United States v. Mathenia*, 409 F.3d 1289, 1291 (11th Cir. 2005) (quotation omitted).

3

We have held that "the fact that the district court sentence[s] [a] defendant to the bottom of the applicable guidelines range establishes only that the court felt that sentence was appropriate under the mandatory guidelines system.  It does not establish a reasonable probability that the court would have imposed a lesser sentence under an advisory regime." *United States v. Fields*, 408 F.3d 1356, 1361 (11th Cir.), *cert. denied*, 126 S. Ct. 221 (2005).  We have further held that "where the effect of an error on the result in the district court is uncertain or indeterminate[,] . . . the appellant has not met his burden of showing . . . that his substantial rights have been affected." *Rodriguez*, 398 F.3d at 1301.

Because Arteaga-Gomez did not show that the district court would have sentenced him differently had it applied the Sentencing Guidelines as advisory, we conclude that he failed to satisfy the third-prong of plain error review, and, therefore, we affirm his sentence.

**AFFIRMED.**