[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 20, 2011
JOHN LEY
CLERK

No. 10-14358
Non-Argument Calendar
_____

D.C. Docket No. 1:03-cr-00362-TWT-GGB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BRANDON BIDDY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 20, 2011)

Before BARKETT, MARCUS and BLACK, Circuit Judges.

PER CURIAM:

Brandon Biddy appeals his 12-month above-Guidelines range sentence imposed for violating the conditions of his supervised release.[1]  On appeal, Biddy contends the district court relied upon a clearly erroneous factual finding in determining his sentence, and the sentence was greater than necessary to obtain the objectives of 18 U.S.C. § 3553(a).  After careful review, we affirm Biddy's sentence.[2]

A sentence is procedurally unreasonable if the district court selected a sentence based upon clearly erroneous facts.  *United States v. Shaw*, 560 F.3d 1230, 1237 (11th Cir. 2009).  When sentencing a defendant, a district court may not rely solely upon the government's assertions that evidence exists, or summaries of evidence the government is able to present.  *See United States v. Lawrence*, 47 F.3d 1559, 1567-69 (factual findings made at initial sentencing hearing were clearly erroneous because no record evidence existed despite government's summary of evidence that it could present).  Nonetheless, we will

---

[1]The terms of Biddy's supervised release prohibited him from owning, possessing, or otherwise accessing a computer.  At his revocation hearing, Biddy admitted to accessing a computer and the internet to seek out adult pornography.  The Government alleged Biddy encountered child pornography as well but did not offer evidence at the revocation hearing to prove this assertion.

[2]We review a sentence imposed upon revocation of supervised release for procedural and substantive reasonableness under an abuse of discretion standard.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

affirm a sentence where an error is harmless and non-constitutional. *See United States v. Mathenia*, 409 F.3d 1289, 1292-93 (11th Cir. 2005) (affirming sentence despite non-constitutional *Booker* error). A non-constitutional error is harmless if, considering the proceedings in their entirety, the error did not affect the sentence, or only had a slight effect. *Id.*

The district court clearly erred in finding that Biddy accessed child pornography while on supervised release because there was no evidence presented at the revocation hearing to support that finding. *See Lawrence*, 47 F.3d at 1567-69. The error was harmless, however, because the district court did not rely on the incorrect finding in fashioning Biddy's sentence. *See Mathenia*, 409 F.3d at 1292-93. Upon Biddy's objection to the sentence, the court specifically stated it was imposing a term of imprisonment because Biddy violated the prohibition against accessing a computer and viewing "any pornographic materials whatsoever." This limited the court's previous statement that Biddy had "accessed pornographic materials involving both adults and minors." Thus, the court did not base Biddy's sentence on the Government's unproven assertion, but rather on the fact that Biddy accessed a computer and actively sought out pornographic material in violation of his supervised release.

Further, Biddy's sentence was substantively reasonable in light of the § 3553(a) factors and the totality of the circumstances. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The court specifically considered deterrence, the nature and circumstances of the offense and the need for correctional and/or medical treatment for Biddy's recidivist behavior. Although the district court sentenced Biddy above the Guidelines, it based Biddy's sentence on the fact that he engaged in conduct related to his underlying convictions for receiving child pornography. We have upheld sentences above the applicable Guidelines range where the supervised release violation paralleled the conduct for which the defendant was originally convicted. *See United States v. Tome*, 611 F.3d 1371, 1378-79 (11th Cir.), *cert. denied*, 131 S. Ct. 674 (2010). Accordingly, we affirm Biddy's sentence.

**AFFIRMED.**