[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-10918
Non-Argument Calendar

_____

D.C. Docket No. 1:10-cr-00086-RWS-ECS-22

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER ALDANA,
a.k.a. Goofy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 6, 2015)

Before MARCUS, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Walter Aldana appeals his 120-month upward variance sentence, imposed

after pleading guilty to one count of conspiracy to commit a pattern of racketeering

activity, in violation of 18 U.S.C. § 1962(d), stemming from his involvement with the La Mara Salvatrucha ("MS-13") gang.  Aldana argues that his sentence is procedurally unreasonable because the district court based his sentence on an erroneous fact, but concedes that his sentence is substantively reasonable.  After thorough review, we affirm.

We review the sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 351 (2007)).  In reviewing whether a sentence is procedurally reasonable, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'"  Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1]  But even if the district court committed procedural error, we will not vacate the sentence if the

---

[1]    The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

court likely would have imposed the same sentence without the error. United States v. Scott, 441 F.3d 1322, 1329 (11th Cir. 2006). We will affirm "if we can say with fair assurance" that the error did not substantially affect the sentence "or had but very slight effect." United States v. Mathenia, 409 F.3d 1289, 1292 (11th Cir. 2005) (quotation omitted). The burden falls on the government to show that the error was harmless. Id.

Here, Aldana claims that his sentence is procedurally unreasonable because the district court based his sentence on an erroneous fact -- namely, that he benefitted from entering a plea agreement and escaping a firearm charge, when in fact, Aldana entered a non-negotiated plea and, unlike many of his codefendants, was never charged with a firearm count. He bases this argument on the district court's comment -- when it was "[l]ooking at all the folks that have been involved in this and their conduct in the case" -- that Aldana was "getting a break because you don't have the gun charge" since he "worked out an agreement to plead to this offense, [and] didn't have a gun charge on top of it." We are unpersuaded.

As the record shows, when the district court's comment is considered in context, the record reveals that the district court's reference to Aldana making "an agreement" to plea and his not having a gun charge was made in an effort to explain to Aldana where he fell in the spectrum of sentencing in relation to the other codefendants who were indicted in this case. The record does not support the

3

claim that the district court mistakenly believed that Aldana had entered into a plea to escape a gun charge or erroneously relied on this belief in sentencing him. The district court simply noted that he did enter a plea, making him eligible for the 3-level sentence reduction, and could have been charged with a gun crime, like his codefendants. Moreover, the district court properly calculated the guideline range, and adequately explained the upward variance in sentencing by discussing several of the § 3553(a) factors -- including the serious nature and circumstances of the offense, Aldana's personal history and characteristics, the importance of deterrence, and the need to avoid sentencing disparities.

But even if the district court had erred by relying on an erroneous fact, remand would not be appropriate. As the government argues, the district court likely would have issued the same sentence regardless of the error, in light of the significant weight the district court placed on the § 3553(a) factors. Scott, 441 F.3d at 1329. The facts of crime support this conclusion as well. As revealed at the plea hearing, Aldana, in an attempt to gain respect among fellow MS-13 members, had taken a gun, walked to a nearby area, and found a group of children playing basketball. After asking what gang they belonged to and not even getting a response that they did indeed belong to a rival gang, Aldana started firing into the crowd. He struck a 14-year-old boy in the back. On this record, we have fair

4

assurance that the error, if any, did not substantially affect the sentence or had but very slight effect.  <u>Mathenia</u>, 409 F.3d at 1292.

**AFFIRMED**.