[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15412
Non-Argument Calendar

_____

D. C. Docket No. 04-00036-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LOUIS STEVEN PETHO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(May 18, 2005)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Louis Steven Petho appeals his sentence after pleading guilty to bank

robbery, in violation of 18 U.S.C. § 2113(a).  On October 13, 2004, the district

court sentenced him to 37 months' imprisonment. On appeal, Petho claims that his sentence violates United States v. Booker, 543 U.S. ___ (2005), because it was improperly enhanced based on facts that he did not admit and that were not found by a jury beyond a reasonable doubt. He also argues that we should overrule United States v. Murphy, 306 F.3d 1087 (11th Cir. 2002), and find that a note indicating the presence of a weapon does not constitute a threat of death for the purposes of § 2B3.1(b)(2)(F) of the Sentencing Guidelines. We find no reversible error and therefore affirm his sentence.

On April 26, 2004, Petho entered the Hancock Bank in Tallahassee, Florida, and handed a teller a note that said, "I have an explosive device. Please give me all your 100's, 50's and 20's." The teller gave him $4,140.00, and Petho left the bank. He turned himself in to the FBI on May 14, 2004, and provided a written statement admitting to the robbery. He later pled guilty to one count of bank robbery.

Under the Sentencing Guidelines, the base offense level for bank robbery is 20. The Presentence Investigation Report ("PSR") prepared by the United States Probation Office recommended a two-level enhancement because Petho took the property of a financial institution, and another two-level enhancement because the note he handed the teller constituted a threat of death. The PSR also recommended a three-level adjustment for acceptance of responsibility because Petho turned

himself in and pled guilty.  The PSR thus calculated a total offense level of 21, with a guideline imprisonment range of 37 to 46 months.

Petho objected to the PSR's recommendation of an enhancement for making a threat of death.  At sentencing, he renewed that objection, and also filed an objection under Blakely v. Washington, 542 U.S. ___ (2004).  On appeal, Petho argues that his sentence violates Booker, which extended Blakely to the Federal Sentencing Guidelines, and also that the Eleventh Circuit should overrule its precedent in United States v. Murphy to hold that a note indicating the presence of a weapon does not constitute a threat of death.

Because Petho preserved his Blakely/Booker claim at sentencing, we review that claim for harmless error.  United States v. Paz, ___ F.3d ___ (11th Cir. 2005).  Non-constitutional error is harmless when it does not affect the substantial rights of the parties.  See 28 U.S.C. § 2111; United States v. Guzman, 167 F.3d 1350, 1353 (11th Cir. 1999).  Under this standard, we must reverse "only if [the error] resulted in actual prejudice because it had substantial and injurious effect or influence" on Petho's sentence.  See id. (internal quotation marks omitted); see also Kotteakos v. United States, 328 U.S. 750, 776 (1946).

There was error here because Petho was sentenced under a mandatory

3

guidelines system.[1]  See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir.

2005).  However, when the district court sentenced Petho, it commented that "[t]he

sentence I'm going to impose of 37 months is the same sentence that I would

impose if Blakely were applied to the Federal Sentencing Guidelines so that the

guidelines were non-binding."  The court's comment establishes that the

mandatory nature of the guidelines in place at the time of sentencing did not affect

Petho's sentence.  Thus, we find that the Booker error was harmless.

Petho also argues that we should overrule our decision in United States v.

Murphy and hold that a note indicating the presence of a weapon does not

constitute a threat of death.  See 306 F.3d at 1089.[2]  We cannot do so, however,

because we are bound by the ruling of the prior panel.  See United States v. Hogan,

986 F.2d 1364, 1369 (11th Cir. 1993) ("It is the firmly established rule of this

Circuit that each succeeding panel is bound by the holding of the first panel to

---

[1] Petho alleges that the error was constitutional, rather than statutory, claiming that the district court violated his Sixth Amendment rights by enhancing his sentence based on facts that were neither admitted nor found by a jury.  Specifically, he challenges his sentencing enhancements for making a threat of death and for taking property of a financial institution.  We find no merit in this argument.

Petho admitted in his written statement and again at his plea colloquy that he took money from the bank after handing a teller a note that said he had an explosive device.  The determinations that the bank was a financial institution and that the note constituted a threat of death were not factual findings, but legal conclusions properly made by the court.  See United States v. Murphy, 306 F.3d 1087, 1089 (11th Cir. 2002).  Because Petho admitted to the facts underlying these enhancements, there is no Sixth Amendment error.

[2] He argues that we should instead follow the dissent in United States v. Clark, 294 F.3d 791 (6th Cir. 2002).

4

address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court.").

Thus, because we find no reversible error, we affirm Petho's sentence.

**AFFIRMED.**