[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 13, 2005
THOMAS K. KAHN
CLERK

No. 04-16333
Non-Argument Calendar

_____

D.C. Docket No. 04-00135-CR-WTM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES GREGORY COLLINS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Georgia

_____

**(June 13, 2005)**

Before CARNES, MARCUS and KRAVITCH, Circuit Judges.

PER CURIAM:

Charles Gregory Collins appeals his sentence of thirty months

imprisonment, imposed following his guilty plea for possession with intent to

distribute cocaine, in violation of 21 U.S.C. § 841. On appeal, Collins challenges the district court's enhancement of his sentence as unconstitutional in light of United States v. Booker, 543 U.S. -, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Collins was indicted for one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841 (count 1); possession of a firearm in connection with a drug-trafficking offense, in violation of 18 U.S.C. § 924(c) (count 2); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g) (count 3). Collins agreed to plead guilty to counts 1 and 2.

At the change of plea hearing, the government proffered that Collins was stopped during a routine traffic stop and he attempted to flee the scene. After a struggle with police, Collins moved his hands toward his pants and pulled out a large bag of cocaine, which burst. Police placed Collins under arrest, and, during a subsequent search of the car, police found a handgun under the driver's seat. Collins admitted that the factual proffer was correct, and stated that he possessed the gun that was found in the car, but he denied any prior knowledge that the firearm was there because the car belonged to someone else. Because Collins denied any knowledge of the gun, the district court did not accept the plea to count 2. The prosecutor and defense counsel then agreed that Collins would plead guilty to count 1 only. The plea agreement informed Collins that the presentence

investigation report ("PSI") calculations would consider all conduct, even those counts that had been dismissed.

In preparing the PSI, the probation officer recommended a two-level enhancement for possession of a firearm under U.S.S.G. § 2D1.1(b)(1). With a total offense level of 17 and a criminal history category III, the resulting guidelines range was 30 to 37 months imprisonment. Collins objected to the PSI, asserting, inter alia, that his enhancement for possession of a firearm was unconstitutional under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and Blakely v. Washington, 542 U.S. –, 124 S.Ct. 2537, 159 L.Ed.2d 403 (2004).[1]

At sentencing, the district court overruled Collins's objections and sentenced Collins to thirty months imprisonment and five years supervised release.

We review a preserved challenge to a sentence de novo, but "will reverse and remand only for harmful error." United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005). The burden is on the government to show that an error was harmless. Id. As this court recently explained, there are two standards for the harmless error analysis: one applies to constitutional errors, the other to "statutory" errors.

---

[1] We now analyze this argument under Booker.

3

United States v. Mathenia, No. 04-15250, manuscript op. at 5-6 (11th Cir. May 23, 2005).

In Booker, the Supreme Court applied the Blakely decision to the Federal Sentencing Guidelines, holding that the mandatory nature of the federal guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. 125 S.Ct. at 749-52. The Court explicitly reaffirmed its rationale first pronounced in Apprendi that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S.Ct. at 756. The Court , however, explained that although the guidelines were advisory only, courts should consider the guidelines in addition to the sentencing factors in 18 U.S.C. § 3553(a), in determining a reasonable sentence. 125 S.Ct. at 764.

Here, Collins challenges the district court's enhancement of his sentence based on possession of a firearm. Under U.S.S.G. § 2D1.1(b)(1), the district court should increase the defendant's offense level by two if the defendant was in possession of a firearm. U.S.S.G. § 2D1.1(b)(1). The commentary explains that this enhancement "reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present,

4

unless it is clearly improbable that the weapon was connected with the offense." U.S.S.G. § 2D1.1, comment. (n.3).

Collins admitted during the plea colloquy that the gun was in his possession, and he offered nothing to show that it was clearly improbable that the gun was connected to the drug offense except to assert that he did not know the gun was present because the car belonged to someone else. Because Collins admitted that the firearm was present, there was no constitutional error. Booker, 125 S.Ct. at 756.

Although there was no Sixth Amendment violation in this case, there is statutory error because the court imposed sentence under a mandatory guideline scheme. Thus, the burden falls on the government to show that the error was harmless. Mathenia, manuscript op. at 5-6. "A non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the sentence, or had but very slight effect."[2] Id. at 5-6 (citations and quotations omitted).

Here, we cannot say that the government has met its burden to show that the error was harmless because we cannot determine from the sentencing transcript

_____

[2] The heightened "beyond a reasonable doubt" test applies to harmless error cases involving constitutional errors. United States v. Robles, No. 04-13598, slip op. at 2257 (11th Cir. May 10, 2005). Here, there is statutory, but not constitutional, error.

whether the court would have sentenced Collins differently had it known the guidelines were not mandatory, but advisory only. Because we do not know, the government has not met its burden. <u>United States v. Petho</u>, No. 04-15412 manuscript op. at 4 (11th Cir. May 18, 2005); <u>United States v. Davis</u>, No. 04-14585 (11th Cir. May 4, 2005).

Accordingly, we VACATE and REMAND for resentencing.