[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2005
THOMAS K. KAHN
CLERK

No. 04-13992
Non-Argument Calendar

_____

D.C. Docket No. 04-20208-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OSCAR ARGENIS MEJIAS MORALES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2005)

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Oscar Argenis Mejias Morales appeals his sentence of fifty-seven months

imposed following his guilty plea for importation of 100 grams or more of heroin,

in violation of 21 U.S.C. § 952(a).  He contends that the district court

impermissibly found that his acquiescence to the government's factual proffer at the plea colloquy was an admission of drug quantity and, therefore, his sentence based on this drug quantity was unconstitutional under United States v. Booker, 543 U.S. –, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

Morales agreed to plead guilty to one count of importation of 100 grams or more of heroin, in violation of 21 U.S.C. § 952(a). The plea agreement did not limit Morales's right to appeal his conviction or sentence.

At the change-of-plea hearing, the government stated that it could prove that, upon arrival at Miami International Airport on a flight from Venezuela, Morales was selected for secondary inspection by Customs, where officials found a white powdery substance in two pair of shoes and the binder of a book. The substance tested positive for heroin totaling 988.6 grams. Morales admitted that the factual proffer was correct and he entered a plea of guilty, which the court accepted.

The probation officer prepared a presentence investigation report ("PSI"), recommending a base offense level of thirty under U.S.S.G. § 2D1.1(c)(5) given the 988.6 grams of heroin involved. The probation officer recommended that this level be decreased by two levels under the safety-valve provision, and by three levels based on Morales's acceptance of responsibility, U.S.S.G. § 3E1.1. With an

2

adjusted offense level of twenty-five, and a criminal history category I, Morales's guidelines range was fifty-seven to seventy-one months imprisonment.

Morales objected to the PSI on the grounds that, under Blakely v. Washington, 542 U.S. –, 124 S.Ct. 2531, 159 L.Ed.2d403 (2004), his base offense level should have been 26 because the indictment charged only 100 grams or more of heroin.  At sentencing, the court overruled the objection, finding that Morales's acceptance of the factual proffer at the plea colloquy established the drug quantity for sentencing purposes.  The court then adopted the PSI's factual findings and guidelines calculations and sentenced Morales to fifty-seven months imprisonment and three years supervised release.

We review preserved Booker errors de novo, but "will reverse only for harmful error."  See United States v. Mathenia, No. 04-15250, slip op. at 2328 (11th Cir. May 23, 2005).

In Booker, the Supreme Court reiterated its previous holding that, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt."  125 S.Ct. at 749, 756.  The Court then determined that the mandatory nature of the sentencing guidelines was incompatible with its

constitutional holding, and, therefore, the guidelines could be advisory only.  The

Court, however, explained that although the guidelines were advisory only, courts

should consider the guidelines in addition to the sentencing factors in 18 U.S.C.

§ 3553(a), in determining a reasonable sentence.  125 S.Ct. at 756-57, 764.

Here, Morales stipulated to the drug quantity.  Therefore, there is no

constitutional error in the imposition of his sentence.  See United States v. Burge,

407 F.3d 1183 (11th Cir. 2005).

Although there is no Sixth Amendment violation in this case, there is

statutory error because the court imposed sentence under a mandatory guideline

scheme.  Thus, the burden falls on the government to show that the error was

harmless.  Mathenia, slip op. at 2328-29.  "A non-constitutional error is harmless

if, viewing the proceedings in their entirety, a court determines that the error did

not affect the sentence, or had but very slight effect."[1]  Id. (citations and

quotations omitted).

Here, we cannot say that the government has met its burden to show that the

error was harmless.  The court sentenced Morales at the low end of the guidelines

range, and we do not know that the court would have imposed the same sentence

---

[1] The heightened "beyond a reasonable doubt" test applies to harmless error cases involving constitutional errors. United States v. Robles, No. 04-13598, slip op. at 2257 (11th Cir. May 10, 2005).  Here, there is statutory, but not constitutional, error.

4

had it known that the sentencing guidelines were advisory only. Because we do not know, the government has not met its burden. <u>United States v. Petho</u>, No. 04-15412 slip op. at 2311 (11th Cir. May 18, 2005); <u>United States v. Davis</u>, No. 04-14585 (11th Cir. May 4, 2005).

Accordingly, we **VACATE** and **REMAND** for resentencing.