[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 28, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-15854
Non-Argument Calendar
_____

D. C. Docket No. 03-60275-CR-WJZ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALBERT WOOLRIDGE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 28, 2005)**

Before DUBINA, BLACK and PRYOR, Circuit Judges.

PER CURIAM:

Appellant Albert Woolridge, through counsel, appeals his 57-month

sentence for conspiracy to possess with the intent to distribute 3, 4-

methylenedioxy-methamphetamine hydrochloride ("MDMA" or "ecstacy") and gamma hydroxybutyric acid ("GHB"), pursuant to 21 U.S.C. §§ 846 and 841(b)(1)(C). Woolridge contends that the district court erred under *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), because it sentenced him based on a drug quantity not alleged in the indictment or admitted by Woolridge. He argues that it is "irrelevant . . . that [he] might have acknowledged a greater quantity of ecstasy and GHB, upon the court's probing, and after the prosecutor's factual proffer, at his plea colloquy" because they were not "stipulations" contemplated by *Blakely v. Washington*, 542 U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), since they were not in writing. He argues that the admission of the drug quantity was not voluntary because he did not know his rights under *Blakely* at the time of the plea colloquy. He also argues that the district court erred in sentencing him pursuant to a mandatory Guidelines system and failing to "consider the many other listed factors" in 18 U.S.C. § 3553(a).

In *Booker*, the Supreme Court explicitly reaffirmed its rule first pronounced in *Apprendi* that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at ___, 125 S. Ct. at 756. The

2

Supreme Court held that the Federal Sentencing Guidelines violate the Sixth Amendment right to a jury trial to the extent that they permit a judge to increase a defendant's sentence based on facts that are neither found by a jury nor admitted by the defendant. *Id.* at ___, 125 S. Ct. at 746-56.

In *Booker*, the Supreme Court also extended *Blakely* and held that the mandatory nature of the Federal Sentencing Guidelines rendered them incompatible with the Sixth Amendment's guarantee to the right to a jury trial. *Booker*, 543 U.S. at ___, 125 S. Ct. at 749-52. In a second and separate majority opinion, the Court in *Booker* concluded that, to best preserve Congress's intent in enacting the Sentencing Reform Act of 1984, the appropriate remedy was to "excise" two specific sections—18 U.S.C. § 3553(b)(1) (requiring a sentence within the guideline range, absent a departure) and 18 U.S.C. § 3742(e) (establishing standards of review on appeal, including *de novo* review of departures from the applicable guideline range)—thereby effectively rendering the Sentencing Guidelines advisory only. *Id.* at ___, 125 S. Ct. at 764. The Supreme Court noted, however, that courts must continue to consult the Guidelines, together with the factors listed in 18 U.S.C. § 3553(a).[1] *Id.*

---

[1] These factors include, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, protection of the public, the pertinent Sentencing Commission policy statements, and the need to avoid unwarranted sentencing disparities. *See* 18 U.S.C. § 3553(a).

We have explained that there are two types of *Booker* error: (1) Sixth Amendment error based upon sentencing enhancements neither admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt; and (2) error based upon sentencing under a mandatory Guidelines system. *United States v. Shelton*, 400 F.3d 1325, 1329-31 (11th Cir. 2005). There is no Sixth Amendment error under *Booker* where the defendant has admitted to facts later used by the district court to enhance a sentence. *Id.* at 1330. Even in the absence of a Sixth Amendment violation, however, *Booker* error exists where the district court imposes a sentence under a mandatory Guidelines system. *Id.* at 1330-31; *see also United States v. Rodriguez*, 398 F.3d 1291, 1300-01 (11th Cir.) (holding that error under *Booker* is not the application of extra-verdict enhancements but, rather, the application of such enhancements under a mandatory Guidelines system), *cert. denied*, ___ S. Ct. ___ (June 20, 2005).

**The Sentence Based on Drug Quantity**

Where a constitutional claim under *Booker* was preserved in the district court, as here, we review the case *de novo* but will reverse and remand only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). "To find harmless error, we must determine that the error did not affect the substantial rights of the parties." *Id.* (quotation omitted); *see also* Fed. R. Crim. P. 52(a) (providing

4

that "[a]ny error, defect, irregularity, or variance that does not affect substantial rights must be disregarded").  Furthermore,

> [a] constitutional error, such as a *Booker* error, must be disregarded as not affecting substantial rights, if the error is harmless beyond a reasonable doubt.  This standard is only met where it is clear beyond a reasonable doubt that the error complained of did not contribute to the sentence obtained.  The burden is on the government to show that the error did not affect the defendant's substantial rights.

*Paz*, 405 F.3d at 948 (quotations, alterations, and citations omitted).

In the instant case, Woolridge's claim that he did not properly admit to the drug quantity at his plea colloquy because it was not in writing or voluntary is without merit.  The record demonstrates that Woolridge admitted to the drug quantity at his plea colloquy and failed to object to the facts contained in the presentence investigation report ("PSI"), and, thus, we conclude that his sentence complies with *Booker*.  *See Shelton*, 400 F.3d at 1330 (holding under plain-error review that the district court did not err under the Sixth Amendment because the defendant admitted to the relevant drug-quantity facts at both his plea and sentencing hearings, and did not object to the factual accuracy of the PSI).  In addition, there is no requirement that the admission has to be in writing.  *See id.* We also reject Woolridge's argument that his admissions as to drug quantity at his plea hearing were not voluntary because he did not understand his rights under *Booker*.

***The District Court's Treatment of the Guidelines as Mandatory***

Woolridge's preserved challenge under *Blakely* and *Booker* also preserved

his claim on appeal under *Booker* regarding the advisory nature of the Guidelines.

*See United States v. Dowling*, 403 F.3d 1242, 1244-46 (11th Cir. 2005) (addressing

a claim that the sentencing court erred in applying "the Federal Sentencing

Guidelines as mandatory" and noting that the claim would be preserved with a

"citation to *Apprendi* or to other cases in that line of cases").  We recently

determined that

> [t]here are two harmless error standards.  One of them applies to
> *Booker* constitutional errors, the other to *Booker* statutory errors. . . .
> *Booker* statutory errors . . . are subject to [a] less demanding test that
> is applicable to non-constitutional errors.  A non-constitutional error
> is harmless if, viewing the proceedings in their entirety, a court
> determines that the error did not affect the sentence, or had but very
> slight effect.  If one can say with fair assurance that the sentence was
> not substantially swayed by the error, the sentence is due to be
> affirmed even though there was error.

*United States v. Mathenia*, 409 F.3d 1289, (11th Cir. 2005)  (citations, quotations,

and alterations omitted).  We have stated that a *Booker* error is harmless when the

district court pronounces an alternate sentence depending on whether the

Sentencing Guidelines became invalid and that sentence is the same.  *United States*

*v. Petho*, 409 F.3d 1277, (11th Cir. 2005).

In the instant case, we conclude that the district court committed error in

applying the Guidelines as mandatory. *See Booker*, 543 U.S. ___, 125 S. Ct. at 749-52. However, the district court indicated that it would have imposed an identical sentence if the Guidelines became invalid. Accordingly, the government has met its burden of showing that the error in sentencing Woolridge under a mandatory Guideline scheme was harmless. *See Petho*, 409 F.3d at 1277. Accordingly, we affirm Woolridge's sentence.

**AFFIRMED.**