[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 16, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14095
Non-Argument Calendar

_____

D. C. Docket No. 04-00048-CR-LAC

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHN SANDERS, JR.,
a.k.a. Bubba,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(September 16, 2005)**

Before ANDERSON, DUBINA and BARKETT, Circuit Judges.

PER CURIAM:

Appellant John Sanders, Jr. appeals his 135-month sentence for conspiracy

to distribute and possess with intent to distribute 5 kilograms or more of cocaine and 50 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), (iii) and 846. On appeal, Sanders argues that, in light of *United States v. Booker*, 543 U.S. __, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005) and *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), the district court violated his Fifth and Sixth Amendment rights in enhancing his sentence based on the determination that he was accountable for 4.8 kilograms of crack, a drug quantity that was found by the district court and was not charged in the indictment or expressly admitted to by Sanders. Sanders notes that the district court stated at sentencing that it would apply the guidelines regardless of whether they were mandatory.

We review a defendant's preserved constitutional challenge to his sentence *de novo* on appeal but will reverse only for harmful error. *United States v. Paz*, 405 F.3d 946, 948 (11th Cir. 2005). There are two harmful error standards, one that applies to constitutional *Booker* errors and one that applies to statutory *Booker* errors. *United States v. Mathenia*, 409 F.3d 1289, 1291-92 (11th Cir. 2005). "[C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt that the error did not contribute to the defendant's ultimate sentence. . . ." *Id*. at 1291. However, "[a] non-constitutional [statutory] error is

2

harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], or had but very slight effect. If one can say with fair assurance. . . that the [sentence] was not substantially swayed by the error, the [sentence] is due to be affirmed even though there was error." *Id*. at 1292. (internal quotations omitted). The government has the burden of proof under both standards. *Id*. at 1291-92. A constitutional *Booker* error has been committed when a judge enhances an individual's sentence based solely on judicially found facts pursuant to a mandatory guideline system, in violation of that individual's Sixth Amendment right to trial by jury. *Paz,* 405 F.3d at 948. A statutory *Booker* error has been committed "when the district court sentences a defendant 'under a mandatory [g]uidelines scheme, even in the absence of a Sixth Amendment enhancement violation.'" *Mathenia*, 409 F.3d at 1291. (quoting *United States v. Shelton*, 400 F.3d 1325, 1330-31 (11th Cir. 2005)).

In the present case, the record demonstrates that the district court sentenced Sanders using a base offense level of 38, relying on a finding in the Presentence Investigation Report ("PSI") that Sanders was accountable for a drug quantity of 4.8 kilograms of crack, rather than using a base offense level corresponding to the amounts that Sanders contends he admitted to in his plea colloquy. Sanders argues that he objected to the PSI's conclusion both in the PSI and at the sentencing

3

colloquy; however, the record shows that he only objected on the basis of *Blakely*. Neither time did he explicitly state that he was only responsible for a lesser amount of cocaine or crack. Because Sanders only objected to the district's court use of the 4.8 kilograms of crack in calculating his sentence – and not the facts supporting that drug quantity – he is deemed to have admitted to those facts. *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005). Because Sanders admitted to the underlying facts, the district court did not commit a constitutional *Booker* error in enhancing Sanders's sentence based on the 4.8 kilograms of crack for which he was found to be accountable. However, the district court still committed statutory *Booker* error when it sentenced Sanders under the then-mandatory guidelines scheme. *Mathenia*, 409 F.3d at 1291.

When the district court commits a statutory *Booker* error, the government must prove that, when the proceedings are viewed in their entirety, the error did not affect the sentence or had but a slight effect on the sentence. *Id.* at 1292. Here, the district court stated that it would have imposed the same sentence regardless of whether the sentencing guidelines were mandatory or advisory. The court added that it found that this sentence "meets the goals of punishment and will act, hopefully, as a deterrent to others who might consider similar criminal conduct." We have held that when a district court announces an alternative sentence that

would have been imposed if the district court had treated the guidelines as advisory, then we know "with certainty beyond a reasonable doubt what the district court would do upon remand." *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005). When the alternative sentence is identical to the sentence under the mandatory guidelines, the error would not change the ultimate sentence, and therefore it is harmless. *Id*. *See also Unites States v. Petho*, 409 F.3d 1277, 1279-80 (11th Cir. 2005). In *Robles*, we applied the higher standard necessary to show harmless error for a constitutional *Booker* error. *Robles*, 408 F.3d at 1327. Like in *Robles*, the district court here explicitly stated that even if the guidelines were advisory, it would impose an identical sentence. If the more stringent standard of harmless error is satisfied, then the less stringent standard necessary for statutory *Booker* errors will also be satisfied. This then is harmless error. Accordingly, we affirm Sanders's sentence.

**AFFIRMED.**