[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-10976
Non-Argument Calendar

_____

D. C. Docket No. 04-00217-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFERY WORTHY,
a.k.a. Jeffrey Kenneth Worthy,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 4, 2005)

Before ANDERSON, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Jeffery Worthy appeals his 300-month sentence for carjacking, in violation

of 18 U.S.C. § 2119. The district court enhanced his sentence pursuant to U.S.S.G. § 4B1.1 based on his status as a career offender. On appeal, Worthy first argues that the Supreme Court's decision in United States v. Booker, 543 U.S.___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), requires that he be re-sentenced, as the district court both sentenced him pursuant to a mandatory guidelines scheme and enhanced his sentence based upon factual findings neither admitted by him nor found by a jury beyond a reasonable doubt. Second, Worthy argues that, under Booker, the district court imposed an unreasonable sentence because it failed to consider the factors set forth at 18 U.S.C. § 3353(a).

## I.

Because Worthy timely raised an objection, pursuant to Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in the district court, we review his Blakely/Booker claim on appeal de novo, but reverse only for harmful error. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (citation omitted). There are two harmless error standards, one that applies to Booker constitutional errors, and one that applies to Booker statutory errors. United States v. Mathenia, 409 F.3d 1289, 1291(11th Cir. 2005). "[C]onstitutional errors are harmless where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence." Id. (citation

2

omitted).  In contrast, <u>Booker</u> statutory errors are subject to the less demanding non-constitutional error test.  <u>Id</u>. at 1292.  A "non-constitutional error is harmless if, viewing the proceedings in their entirety, a court determines that the error did not affect the [sentence], 'or had but very slight effect.'  If one can say 'with fair assurance . . . that the [sentence] was not substantially swayed by the error,' the [sentence] is due to be affirmed even though there was error."  <u>Id</u>. (citations omitted).  The government has the burden of proof under both standards.  <u>See id</u>.  Upon review of the record and consideration of the parties' briefs, we discern no reversible error.

A <u>Booker</u> constitutional error exists when a defendant's sentence is enhanced based solely on judicially found facts, other than prior convictions, neither admitted by the defendant nor found by the jury.  <u>Paz</u>, 405 F.3d at 948; <u>United States v. Gallegos-Aguero</u>, 409 F.3d 1274, 1276 (11th Cir. 2005).  Here, the district court enhanced Worthy's 300-month sentence based on prior convictions.  Such an enhancement does not constitute a Sixth Amendment violation under <u>Booker</u>.  <u>See</u> <u>Gallegos-Aguero</u>, 409 F.3d at 1276.  Contrary to Worthy's suggestion, the Supreme Court's decision in  <u>Shepard v. United States</u>, __ U.S. __, 125 S.Ct. 1254, 1262, 161 L.Ed.2d 205 (2005) did not change this rule, but rather cited the rule with approval.

In contrast, a <u>Booker</u> "statutory error occurs when the district court sentences a defendant 'under a mandatory [g]uidelines scheme, even in the absence of a Sixth Amendment enhancement violation.'" <u>Mathenia</u>, 409 F.3d at 1291. Under this standard, the government has the burden to show that the error did not affect, or had but a very slight effect on, the sentence. <u>Id</u>. at 1292. In determining whether the government has met this burden, we carefully review the PSI and the sentencing hearing transcript. <u>Gallegos-Aguero</u>, 409 F.3d at 1277.

In <u>Mathenia</u>, we held the district court's <u>Booker</u> statutory error harmless based on comments from the district court that it would sentence the defendant identically even if the federal guidelines were declared unconstitutional. <u>Mathenia</u>, 409 F.3d at 1292-129; <u>see also</u> <u>United States v. Petho</u>, 409 F.3d 1277, 1280 (11th Cir. 2005) (same); <u>United States v. Robles</u>, 408 F.3d 1324, 1328 (11th Cir. 2005) (same). Here, the district court explicitly stated that, even assuming the federal guidelines were not mandatory, it would sentence Worthy identically. Based on this language, and the above-cited cases, the government has met its burden in showing that any <u>Booker</u> statutory error was harmless.

## II.

Worthy also argues that the district court violated <u>Booker</u> by failing to consider the § 3553(a) factors, thus imposing an unreasonable sentence. Upon

4

review of the record and consideration of the parties' briefs, we likewise discern no reversible error here. The district court explicitly accounted for and expounded upon a number of the § 3353(a) factors. For instance, the district court considered the nature of the offenses, including Worthy's numerous sexual assaults on the victims, as well as Worthy's lack of remorse and his violent criminal history, which included a number of armed robberies and weapons offenses. Moreover, the district court stated that it based Worthy's sentence "upon my having seen the trial of the case and the facts that I am aware of . . . ." thus undermining Worthy's main argument that the district court did not consider evidence produced at trial that he was seeking drug treatment at the time of his arrest and had struggled with a long-term cocaine addiction.

**AFFIRMED**.