[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 26, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-14344

_____

D. C. Docket No. 03-00174-CR-ODE-1-1

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

FRANCES J. DUKES,
a.k.a. Frances Caylor Dukes,
EMMETT JIMERSON,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(October 26, 2005)**

Before BIRCH, HULL and BOWMAN[*], Circuit Judges.

PER CURIAM:

_____

[*]Honorable Pasco M. Bowman II, United States Circuit Judge for the Eighth Circuit,
sitting by designation.

A grand jury returned a fifty-one-count indictment against Frances Dukes, a former supervisor with the Fulton County Department of Family and Children Services (DFACS); Emmett Jimerson, a day-care operator; and Patricia Merritt, also a day-care operator. The indictment charged that the three conspired to illegally obtain child-care benefits from DFACS by filing false claims for non-existent children purportedly enrolled at Jimerson's and Merritt's day-care facilities. The indictment further alleged that Dukes created false invoices, approved fraudulent payments to Jimerson's and Merritt's day-care facilities, and received kickbacks from Jimerson and Merritt in return.

Merritt pleaded guilty and testified at trial; Dukes and Jimerson were convicted after a jury trial. On appeal, both Dukes and Jimerson argue that the evidence was insufficient to support their convictions on the conspiracy count and that the district court erred in calculating their sentences. In addition, Jimerson argues that the district court erred in refusing to sever his trial from Dukes's. We affirm the convictions of both appellants but remand both cases for resentencing.

Dukes and Jimerson first argue that the evidence presented at trial was insufficient to support their convictions. Specifically, they contend that instead of establishing the existence of a single conspiracy as alleged in the indictment, the evidence at trial established the existence of two separate and distinct conspiracies,

one involving Dukes and Jimerson and another involving Dukes and Merritt. According to the appellants, this variance between the allegations in the indictment and the proof at trial requires reversal of their convictions.

Viewing the evidence in the light most favorable to the government, we must first determine whether a reasonable jury could have found beyond a reasonable doubt that a single conspiracy existed. United States v. Castro, 89 F.3d 1443, 1450 (11th Cir. 1996), cert. denied, 519 U.S. 1118 (1997). But we will reverse a conviction because a single conspiracy was charged in the indictment while multiple conspiracies were proved at trial only if this variance was both "material" and "substantially prejudicial" to the defendants. United States v. Calderon, 127 F.3d 1314, 1327 (11th Cir. 1997), cert. denied, 523 U.S. 1033, 1144 and 522 U.S. 1133 (1998).

We agree with Dukes and Jimerson that no reasonable jury could have found beyond a reasonable doubt that the government's proof established a single conspiracy. There was insufficient evidence to establish that Jimerson was aware of and joined Dukes's conspiracy with Merritt or that Merritt was aware of and joined Dukes's conspiracy with Jimerson. Rather, the evidence presented at trial proved that two similar but distinct conspiracies existed—one between Dukes and Jimerson and another between Dukes and Merritt. Consequently, a material

3

variance occurred. See Castro, 89 F.3d at 1450 ("A material variance between an indictment and the government's proof at trial occurs if the government proves multiple conspiracies under an indictment alleging only a single conspiracy.").

Our inquiry does not end there, however, as the appellants also must demonstrate that the variance was substantially prejudicial. See United States v. Alred, 144 F.3d 1405, 1415 (11th Cir. 1998) (noting that a material variance is not always prejudicial). To establish substantial prejudice, each appellant must show (1) "that the proof at trial differed so greatly from the charges in the indictment that he was unfairly surprised and unable to prepare an adequate defense" or (2) that so many defendants and separate conspiracies were before the jury that there is a "substantial likelihood that the jury transferred proof of one conspiracy to a defendant involved in another." Calderon, 127 F.3d at 1328.

We conclude that the appellants were not substantially prejudiced by the variance in this case. The evidence presented at trial—that Dukes, Jimerson, and Merritt conspired to submit fraudulent claims to DFACS to obtain child-care benefits for fictitious children and to profit therefrom—is the same evidence that would have been presented had the indictment charged two separate conspiracies rather than one. Dukes and Jimerson were not unfairly surprised by the government's proof at trial, nor were they prevented from preparing an adequate

4

defense.  See United States v. Jones, 913 F.2d 1552, 1562 (11th Cir. 1990) (concluding that appellants demonstrated no unfair surprise because the variance "did not alter the crime charged, the requisite elements of proof or the appropriate defenses in any significant manner").  Had the government charged separate conspiracies in the indictment rather than a single conspiracy, it is unlikely that the government's proof or the appellants' defenses would have differed in any significant fashion.

Moreover, nothing in the record suggests that the jury was confused by the evidence presented at trial or that it was unable to compartmentalize the evidence and separately assign liability to each of the conspirators.  This was not an overly complicated factual situation where the risk of jury confusion was high.  Neither appellant has established a substantial likelihood that the jury transferred evidence of one appellant's guilt as to one of the conspiracies to the other appellant not involved in that conspiracy.  The district court cautioned the jury repeatedly during the trial when evidence relevant to only one conspirator was introduced, and the court reiterated these warnings in its instructions to the jury.  The fact that the jury failed to reach a verdict on one of the counts against Jimerson demonstrates that the jury was able to segregate the evidence as instructed by the court.  Because Dukes and Jimerson have not established that the variance between the indictment

and the proof at trial was substantially prejudicial, we affirm their conspiracy convictions.

Jimerson argues that the district court erred by denying his motion made pursuant to Rule 14 of the Federal Rules of Criminal Procedure to sever his trial from Dukes's trial. We review the denial of a motion to sever for abuse of discretion. United States v. Liss, 265 F.3d 1220, 1227 (11th Cir. 2001). A defendant is entitled to severance only if he "demonstrates that a joint trial will result in 'specific and compelling prejudice' to his defense." Id. at 1228 (quoting United States v. Walker, 720 F.2d 1527, 1533 (11th Cir. 1983), cert. denied, 465 U.S. 1108 (1984)). "Compelling prejudice occurs when the jury is unable 'to separately appraise the evidence as to each defendant and render a fair and impartial verdict.'" Id. (quoting United States v. Meester, 762 F.2d 867, 883 (11th Cir.), cert. denied, 474 U.S. 1024 (1985)).

Jimerson contends that the jury improperly used evidence regarding the conspiracy between Merritt and Dukes to convict him of an unrelated conspiracy with Dukes. As noted above, however, the district court cautioned the jury during trial that evidence admitted against Dukes could not be used against Jimerson, and the court reiterated these admonitions in its instructions to the jury.[1] The fact that

_____

[1]For example, the district court instructed the jury, "You may consider [Merritt's testimonial] evidence only insofar as it pertains to the charges against Ms. Dukes and may not

much of the evidence at trial applied only to Dukes is not sufficient to demonstrate that the joint trial resulted in compelling prejudice to Jimerson's defense. United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004), cert. denied, No. 04-9437, 2005 WL 753910 (2005). There is no indication in this case that the jury was unable to segregate the evidence as to each appellant and render a fair and impartial verdict. See id. (noting there is a "strong presumption . . . that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered"). Because Jimerson has failed to show that he suffered specific and compelling prejudice, we affirm the district court's denial of his motion to sever.

Dukes and Jimerson both challenge the validity of their sentences. Each appellant objected at sentencing to the district court's application of sentencing enhancements based upon facts that were not admitted by them or found by a jury beyond a reasonable doubt. Because the appellants have preserved this argument for appeal, we review their sentences de novo but reverse only if the district court committed an error that was not harmless. United States v. Paz, 405 F.3d 946, 948 (11th Cir. 2005) (per curiam).

In United States v. Booker, 543 U.S. ___, ___, 125 S. Ct. 738, 746 (2005),

---

consider this evidence in any way against Mr. Jimerson." Trial Tr. at 794.

7

the Supreme Court held that a district court violates a defendant's Sixth Amendment right to a jury trial when, under a mandatory sentencing guidelines regime, the court uses facts not admitted by the defendant or found by the jury in order to apply a sentencing enhancement.  See also United States v. Rodriguez, 398 F.3d 1291, 1297–98 (11th Cir.), cert. denied, 125 S. Ct. 2935 (2005).  Booker error may be constitutional—enhancing a sentence under a mandatory sentencing guidelines regime based on facts neither admitted by the defendant nor found by a jury—or statutory—imposing a sentence under a mandatory, rather than advisory, sentencing guidelines regime, even if the sentence is not enhanced, where the entire sentencing guidelines regime has been held advisory only, as the federal sentencing guidelines were in Booker.  United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005).  Constitutional Booker error is harmless "where the government can show, beyond a reasonable doubt, that the error did not contribute to the defendant's ultimate sentence."  Id. at 1291–92.  On the other hand, statutory Booker error is harmless if, after viewing the proceedings in their entirety, we are convinced the error had no—or only very slight—effect on a defendant's sentence. Id. at 1292.

With respect to Dukes's claim, the district court committed constitutional Booker error when it made several factual findings that it used to enhance Dukes's

sentence under the then-mandatory sentencing guidelines regime. See Rodriguez, 398 F.3d at 1300 ("The error is that there were extra-verdict enhancements used in a mandatory guidelines system."). Because the government has not met its burden to show beyond a reasonable doubt that this error did not contribute to Dukes's ultimate sentence, we vacate Dukes's sentence and remand her case for resentencing done in a manner consistent with Booker.

Because we are remanding to the district court for resentencing and Dukes's appeal raised several guidelines issues, we also note that the district court correctly calculated Dukes's guidelines range as 37 to 46 months. See United States v. Crawford, 407 F.3d 1174, 1178 (11th Cir. 2005) (stating that after Booker, district courts must consult the guidelines and "[t]his consultation requirement, at a minimum, obliges the district court to calculate correctly the sentencing range prescribed by the Guidelines"). The district court properly applied the following enhancements in calculating Dukes's guidelines range: seven-level enhancement for the loss amount of $173,825; two levels for being a leader/organizer; two levels for abuse of position of trust; and two levels for obstruction of justice. Thus, we affirm the district court's guidelines calculations.

In particular, we note that the government has presented sufficient evidence in this case to warrant application of an enhancement for obstruction of justice

9

under § 3C1.1 of the sentencing guidelines, despite Dukes's arguments to the contrary. Section 3C1.1 provides for a two-level enhancement to a defendant's base offense level if, during the investigation of her offense, she willfully impedes or obstructs, or attempts to impede or obstruct, the administration of justice. The application notes set forth a non-exhaustive list of conduct to which the enhancement may apply, including "threatening, intimidating, or otherwise unlawfully influencing a co-defendant [or] witness, . . . directly or indirectly, or attempting to do so." United States Sentencing Guidelines Manual § 3C1.1, cmt. n.4(a) (1998). Encouraging a witness not to cooperate with an investigation may justify application of an obstruction enhancement. See United States v. Rudisill, 187 F.3d 1260, 1264 (11th Cir. 1999). The evidence in this case demonstrated that after Merritt was first interviewed by a Senior Investigator with the Georgia Department of Human Resources Office of Investigative Services, Dukes instructed Merritt to deny all knowledge of and involvement in their conspiracy to defraud DFACS.[2] In an effort to impede discovery of her conspiracy with Merritt, Dukes succeeded in convincing Merritt to deny wrongdoing during initial questioning by state investigators. In these circumstances, a two-level enhancement for obstruction of justice was appropriate when the district court

---

[2]Merritt testified that Dukes instructed her to "just keep denying it" when Merritt informed Dukes that Merritt had been interviewed by a state investigator. Trial Tr. at 270.

calculated the guidelines sentencing range, which the court must do to have reliable guidance to assist it in pronouncing a reasonable sentence in accordance with Booker. See Crawford, 407 F.3d at 1178. Accordingly, on remand, the district court is required to sentence Dukes under an advisory guidelines regime and shall consider the guidelines range of 37 to 46 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." Booker, __ U.S. at __, 125 S. Ct. at 757.

With respect to Jimerson's claim, there was no constitutional Booker error because the facts supporting the enhancements to his sentence were alleged in the indictment and found by the jury. Specifically, the indictment alleged and the jury found that as a result of Jimerson's fraudulent conduct, his day-care facility was illegally paid $128,791. These facts are sufficient to support the application of a § 2F1.1(b)(1)(H) enhancement for a loss exceeding $120,000. The indictment further charged Jimerson with more than forty counts of welfare and social security fraud over a two-year period. These facts are sufficient to support the application of a § 2F1.1(b)(2)(A) enhancement for more than minimal planning. Thus, the district court properly calculated Jimerson's guidelines range as 18 to 24 months. Because the district court applied the sentencing guidelines in a mandatory rather than advisory fashion, however, there was statutory Booker error.

11

Viewing the proceedings in their entirety, we are not convinced that the district court's statutory Booker error was harmless. Where it is not clear that the court would have imposed the same sentence whether the guidelines were mandatory or advisory, the government cannot show that the statutory Booker error was harmless. United States v. Davis, 407 F.3d 1269, 1271–72 (11th Cir. 2005) (per curiam). Generally, we have concluded that a statutory Booker error is harmless when the district court has indicated that it would impose the same sentence under either a mandatory or advisory sentencing guidelines scheme. See, e.g., United States v. Mejia-Giovani, 416 F.3d 1323, 1327 (11th Cir. 2005) (per curiam); Mathenia, 409 F.3d at 1292–93; United States v. Petho, 409 F.3d 1277, 1280 (11th Cir. 2005) (per curiam). Here, the court did not indicate that it would impose the same sentence if the guidelines were advisory. Although the court stated that the chances were "very, very low" that it would reconsider Jimerson's sentence, this comment was made in the context of the court's ruling on Jimerson's request for an appeal bond. Sent. Tr. at 23. This comment alone is not sufficient to show that the statutory Booker error had no—or only slight—effect on Jimerson's sentence. In these circumstances, the government has not carried its burden to show that the statutory Booker error was harmless. Accordingly, we vacate Jimerson's sentence and remand his case for resentencing. On remand, the

12

district court is required to sentence Jimerson under an advisory guidelines regime and shall consider the guidelines range of 18 to 24 months' imprisonment and "other statutory concerns as well, see [18 U.S.C.] § 3553(a) (Supp. 2004)." Booker, __ U.S. at __, 125 S. Ct. at 757.

We **AFFIRM** Dukes's and Jimerson's convictions and **VACATE** their sentences and **REMAND** for resentencing to be done in a manner consistent with Booker.[3]

---

[3]We do not mean to suggest by our holding that the district court must impose any particular sentence on remand or that the sentences given were unreasonable. Rather, we merely hold that the government has not met its burden to show that the Booker errors were harmless.