[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 04-15227
Non-Argument Calendar

----------------------------------------

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 7, 2006

THOMAS  K. KAHN
CLERK

D.C. Docket  No. 03-20641-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER WILSON,
a.k.a. Chris Lawrence Cridland,
a.k.a. Cris Cridland, et al.,

Defendant-Appellant.

----------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
----------------------------------------

**(March 7, 2006)**

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Christopher Wilson appeals the 72-month sentence imposed upon his conviction for conspiracy to commit bank and mail fraud, in violation of 18 U.S.C. § 371; bank fraud, in violation of 18 U.S.C. §§ 1344 and 2; and mail fraud, in violation of 18 U.S.C. §§ 1341 and 2. Defendant contends that the sentence imposed violated his constitutional and statutory rights under Booker v. United States, 125 S.Ct. 738 (2005).[1]  We vacate and remand for resentencing.

Defendants constitutional claims were raised timely in the district court and, as such, preserved for our review.  Defendant argues that his Sixth Amendment rights were violated when the district court determined that (i) the amount of loss exceeded $1,000,000 (qualifying him for a 16-level offense enhancement under U.S.S.G. § 2B1.1(b)(1)(I))[2]; (ii) the offense involved 10 or more victims (qualifying him for a 2-level offense enhancement under U.S.S.G. § 2B1.1(b)(2)(A)(i); and (iii) the offense involved sophisticated means (qualifying him for a two-level offense enhancement under U.S.S.G. § 2B1.1(b)(8)(C)).

We doubt that Defendant suffered a violation of his Sixth Amendment rights.  About the first two enhancements (loss amount and number of victims),

---

[1]Booker was decided by the Supreme Court after Defendant was sentenced.  At sentencing, Defendant raised his constitutional claims based on Blakely v. Washington, 124 S.Ct. 2531 (2004).  Because the Booker decision applies to all cases on direct review, we apply Booker to this appeal.  Booker, 125 S.Ct. at 769.

[2]Guideline calculations were done under the 2002 Guidelines Manual.

Defendant contested no facts supporting those enhancements. A defendant's failure to dispute facts set out in the PSI or recited at the plea colloquy operates as an admission of those facts for Booker purposes. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (concluding that sentence enhancement based on drug quantity not violative of Booker where defendant failed to dispute facts in the PSI). A sentencing enhancement based on admitted facts has no Sixth Amendment implications under Booker. Id. About the sophisticated-means enhancement, Defendant never contested the facts underlying the enhancement; instead, he argued that application of the sophisticated-means enhancement was improper in the light of the facts of the case. The district court's conclusion that the offense involved sophisticated means involved the application of law to relevant admitted facts, see United States v. Petho, 409 F.3d 1277, 1279-80 n.1 (11th Cir. 2005); no constitutional Booker principle was implicated by the imposition of a sophisticated-means enhancement.

Although the district court committed no constitutional Booker error, statutory Booker error occurs when the sentencing court misapplies the guidelines by considering them as binding "even in the absence of a Sixth Amendment enhancement violation." Shelton, 400 F.3d at 1330-31. Statutory Booker error requires reversal "only if [the error] resulted in actual prejudice because it had

3

substantial and injurious effect or influence in determining the [result]." United States v. Gallegos-Aguero, 409 F.3d 1274, 1277 (11th Cir. 2005) (quoting United States v. Guzman, 167 F.3d 1350, 1353 (11th Cir. 1999)). The government bears the burden to show the absence of effect of the statutory error on the defendant's substantial rights. United States v. Mathenia, 409 F.3d 1289, 1291 (11th Cir. 2005). A sentence is due to be affirmed if it can be said "'with fair assurance ... that the [sentence] was not substantially swayed by the error.'" Id. (quoting United States v. Hornaday, 392 F.3d 1306, 1315-16 (11th Cir. 2004), cert. denied, 125 S.Ct. 2951 (2005)). Although the non-constitutional harmless error standard of review imposes a less demanding burden on the government than the beyond a reasonable doubt burden imposed in cases of constitutional error, see Mathenia, 409 F.3d at 1291-92, "the non-constitutional harmless error standard is not easy for the government to meet." Id. at 1292.

The government concedes Booker statutory error; it argues the error was harmless because the sentence imposed -- 72 months -- was two months higher than the bottom of Defendant's applicable sentencing range of 70 to 87 months, and because the court stated that it believed the sentence "appropriate, given [Defendant's] role and activities in this case, and it comes close to the bottom of the Guidelines recommended by the parties." But the district court also

4

commented that Defendant would be resentenced if the "Guidelines go down in flames." This comment suggests that Defendant could have received a different sentence if the district court fashioned a sentence in a sentencing scheme where the guidelines were advisory.

The record does not allow us to say with fair assurance that Defendant's sentence was not substantially impacted on by the statutory <u>Booker</u> error. What sentence the district court would have imposed had it considered the guidelines advisory is impossible to tell. The government can not meet the burden of proving that the district court's application of the guidelines as mandatory was harmless. Accordingly, we vacate Defendant's sentence and remand for resentencing consistent with <u>Booker</u>.

VACATED and REMANDED.