[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 23, 2007
THOMAS K. KAHN
CLERK

No. 06-12482
Non-Argument Calendar

_____

D. C. Docket No. 05-03193-CV-GET-1

WASHINGTON MUTUAL BANK,

Plaintiff-Appellee,

versus

SAMUEL ADAM BUSH,

Defendant-Third-Party-
Plaintiff-Appellant,

versus

THOMAS W. THRASH, JR.,

Third-Party-Defendant-
Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(March 23, 2007)**

Before TJOFLAT, DUBINA and CARNES, Circuit Judges.

PER CURIAM:

Samuel Adam Bush, proceeding pro se, appeals the district court's dismissal

of his third party complaint against a federal district judge. We find no error and

therefore affirm the dismissal.[1]

"Few doctrines were more solidly established at common law than the

immunity of judges from liability for damages for acts committed within their

judicial jurisdiction. . . ." Pierson v. Ray, 386 U.S. 547, 553-54, 87 S.Ct. 1213,

1217, 18 L.Ed.2d 288 (1967). Judicial immunity applies when (1) "the judge

deal[t] with the plaintiff in his judicial capacity" and (2) the judge did not act "in

the 'clear absence of all jurisdiction.'" Dykes v. Hosemann, 776 F.2d 942, 945

(11th Cir. 1985) (en banc) (quoting Stump v. Sparkman, 435 U.S. 349, 357, 98

---

[1] We have previously dismissed, for lack of jurisdiction, Bush's appeal to the extent it sought judicial review of an order remanding his case to state court. Because we also noted, at that time, that we would consider the denial of a post-judgment tolling motion to reconsider, we do so here, which we deem to be a challenge to the original judgment of dismissal. See Kicklighter v. Nails by Jannee, Inc., 616 F.2d 734, 738-39 n.1 (5th Cir. 1980).

2

S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978)). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000).

Accepting all of the allegations in Bush's third party complaint as true and construing them in a light most favorable to Bush, we conclude that no claim is stated. See Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005). An improper remand by a federal judge in a federal case is not a viable claim under Bivens, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, or any applicable state statute. See, e.g., Bolin, 225 F.3d at 1240-43.

Assuming, arguendo, that an improper remand was a viable claim, Judge Thrash is entitled to judicial immunity. The first requirement for immunity is satisfied because, by issuing an order to remand, Judge Thrash was dealing with Bush in his judicial capacity. See Dykes, 776 F.2d at 945; see also Forrester v. White, 484 U.S. 219, 227, 108 S.Ct. 538, 544, 98 L.Ed.2d 555 (1988) (absolute judicial immunity applies to "the paradigmatic judicial acts involved in resolving disputes between parties who have invoked the jurisdiction of a court"). The second requirement is met because the U.S. District Court had subject matter jurisdiction such that it could remand the dispossessory action to state court and require that any subsequent removal action by Bush be accompanied by a bond.

See Dykes, 776 F.2d at 943.  Although Bush contends that injunctive relief is not barred by judicial immunity, our caselaw holds otherwise, see Bolin, 225 F.3d at 1242-43, and cannot be overruled by a panel of this Court.  See United States v. Petho, 409 F.3d 1277, 1280 (11th Cir. 2005).  Thus, the dismissal of Bush's complaint against Judge Thrash was appropriate.

Bush does not expressly address the denial of the motion to reconsider in his brief, and even if his pro se pleadings are liberally construed to include such a challenge, he has not demonstrated error.  The district court correctly noted that Bush's motion to reconsider presented no new evidence and essentially was a restatement of his response in opposition to Judge Thrash's motion to dismiss.

Accordingly, the dismissal of Bush's complaint against Judge Thrash and the denial of Bush's motion to reconsider are affirmed.

**AFFIRMED.**