[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-15814
Non-Argument Calendar

_____

D.C. Docket No. 8:10-cr-00045-SCB-TGW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RESHON D. WHITTAKER,
a.k.a. Bookie,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(January 29, 2013)

Before HULL, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Reshon Whittaker appeals his 188-month sentence, imposed after he pled guilty to two counts of distribution of 5 grams or more of cocaine base within 1,000 feet of a playground, and one count of distribution of cocaine base within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 860(a). Whittaker's offenses occurred in 2009, and he was sentenced by the district court on December 14, 2010. In the meantime, the Fair Sentencing Act of 2010 (FSA) went into effect on August 3, 2010.  *See* Pub. L. No. 111-120, 124 Stat. 2372 (2010).  At sentencing, the district court declined to apply the FSA, and instead considered the applicable sentencing guideline range to be 262 to 327 months' imprisonment. Although the district court stated the FSA did not apply, it mentioned the FSA when explaining Whittaker's sentence, along with the fact that Whittaker was uneducated, unable to find employment, and that his prior drug convictions were "small level."  Accordingly, the district court imposed a downward variance to reach its 188-month sentence.

On appeal, Whittaker argues the district court erred in not applying the FSA to his sentence, as required by *Dorsey v. United States*, 132 S. Ct. 2321 (2012). The Government concedes the district court erred in failing to apply the FSA but maintains the error was harmless.

2

We review *de novo* the district court's application of law to sentencing issues. *United States v. Alexander*, 609 F.3d 1250, 1253 (11th Cir. 2010). Claims preserved at sentencing are reviewed for harmless error. *United States v. Petho*, 409 F.3d 1277, 1279 (11th Cir. 2005). Non-constitutional error is harmless if it does not affect the substantial rights of the parties. *Id.* Under this standard, we will only reverse if the error resulted in actual prejudice because it had a substantial and injurious effect or influence on a defendant's sentence. *Id.* The government carries the burden of showing the error did not affect the defendant's substantial rights. *United States v. Gallegos-Aguero*, 409 F.3d 1274, 1277 (11th Cir. 2005).

The district court erred in refusing to sentence Whittaker under the FSA. The holding in *Dorsey* applies to Whittaker because he committed his offenses before the FSA's effective date, but was sentenced after that date. *See Dorsey*, 132 S. Ct. at 2326 (stating the FSA's "more lenient penalty provisions apply to offenders who committed a crack cocaine crime before August 3, 2010, but were not sentenced until after August 3"). Moreover, the government has not met its burden of showing the sentencing error was harmless. *See Gallegos-Aguero*, 409 F.3d at 1277. In this case, the mandatory maximums would change, resulting in a lower guideline range for Whittaker as a career offender. While the 188-month

sentence was at the bottom of the post-FSA  range of 188 to 235 months, it is not clear from the record that the district court would have imposed the same sentence had it begun within that range, and the Government has not cited any binding precedent to support its argument that the error was harmless.

**VACATED AND REMANDED.**